Rose, Respondent, vs. Gordon, Appellant.

*September 19—October 27, 1914.*

*Contracts: Validity: Lease of saloon: Restraint of trade: Monopolies: Conspiracy: Foreign corporations.*

1. A lease of a saloon whereby the lessee agreed that during the term (less than three years) he would sell no beer on the premises except such as was sold by the lessor, was valid at common law and is not illegal under sec. 1747e, Stats.
2. A business arrangement between an Illinois brewing company and a local dealer in its beer, pursuant to which the company obtained leases of saloon buildings and assigned them to the dealer, who then rented to subtenants with conditions or covenants in the leases that the subtenants should sell no beer on the premises except such as was bought from him, did not constitute a conspiracy by the foreign corporation in violation of sec. 1770g, Stats., since it involved no contract in unlawful restraint of trade.

Appeal from a judgment of the circuit court for Kenosha county: E. B. Belden, Circuit Judge.    *Affirmed.*

This is an equitable action brought to enjoin the defendant from selling any beer upon certain saloon premises in the city of Kenosha leased to him by the plaintiff, except such beer as is sold by the plaintiff, and to recover damages for the breach of defendant's agreement to that effect contained in the said lease.

The action was tried by the court.    It appeared by the evi-

·dence that the plaintiff was the local dealer in Kenosha in the
·beer manufactured by the Schoenhofen Brewing Company of
Chicago; that he was sometimes advertised as agent of the
Schoenhofen Company and sometimes called himself their
agent, but the testimony was direct that he bought his beer
·outright and sold it on his own account. It further appeared
that in order to· insure the sale of their beer in Kenosha the
Schoenhofen Company frequently obtained leases of suitable
saloon buildings and assigned the same to the plaintiff, who
·then rented the premises to a subtenant with a condition or
·covenant in the lease that the subtenant should sell no beer
on the premises except such as was sold by the plaintiff.
That method was adopted in the present case. The brewing
·company obtained from the owner a three years' lease of the
premises in question, commencing in July, 1911, and assigned
·the same to *Rose,* who, on August 31, 1911, sublet the prem-
ises to the defendant for the remainder of the term by written
lease, which contained the provision relied on in this action
·to the effect that the defendant would sell on said premises
during the term of the lease only such beer as was sold by the
plaintiff. This agreement was observed by the defendant
until September 1, 1913, after which date the defendant se-
·cretly purchased considerable quantities of beer from other
·dealers. This action was brought in December, 1913, and a
temporary injunctional order obtained. · The court found the
breach of the covenant and the continuing breach thereof
·since September 1, 1913; that the plaintiff was an inde-
pendent dealer and acted in taking the lease and contract in
question in his own behalf and not as agent of the Schoen-
hofen Brewing Company; that the defendant has no property
out of which damages could be collected and that the remedy
at law was inadequate, and that the damages sustained by the
plaintiff amounted to $537.20. As a conclusion of law the
court held that the contract was a valid contract and ad-
judged that the injunction be made permanent during the re-

mainder of the leasehold term, and that the plaintiff recover the damages found.    From this judgment the defendant appeals.

*Calvin Stewart,* for the appellant.

*Alfred L. Drury,* for the respondent.

A brief was also filed by *Edwin S. Mack, amicus curiæ,* and *Lackner, Butz, von Ammon & Johnston,* of counsel.

WINSLOW, C. J.    Held: (1) The finding that the plaintiff made the contract in question in his own behalf and not as agent for the Schoenhofen Company is amply supported by the evidence.    (2) Under common-law principles the agreement in question was valid because it was limited as to time, space, and extent of trade and because it appears to be an entirely reasonable benefit or protection for the plaintiff to reserve to himself as a part of the leasing transaction.    *Kellogg v. Larkin,* 3 Pin. 123; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540.    (3) The restraint of trade resulting from the agreement being partial only and not operating to the prejudice of the public by unduly restricting competition, the contract is not an illegal contract in restraint of trade within the provisions of sec. 1747e, Stats.    *Pulp Wood Co. v. Green Bay P. & F. Co.* 157 Wis. 604, 147 N. W. 1058.    (4) There being here no contract in unlawful restraint of trade, it necessarily follows that the business relations between the plaintiff and the Schoenhofen Company constituted no conspiracy by a foreign corporation in unlawful restraint of trade, such as is denounced by sec. 1770g, Stats.

*By the Court.*—Judgment affirmed.