CHARLESWORTH VS. TINKER and another.

Under our statutes (sec. 83, ch. 13, and secs. 11, 15, 20, ch. 121, R. S.), the complainant in a criminal prosecution in a justice's court for an assault and battery, has control of the prosecution, and may examine all witnesses sworn at the trial.

In a subsequent civil action by such complainant to recover damages for the same assault and battery, evidence may be introduced by the defendant showing what was said on the trial of such prosecution by a witness for the defense, subsequently deceased, the plaintiff having had opportunity to cross-examine such witness at the former trial.

An objection to such evidence on the ground that a foundation for it has not been laid by introducing the record of the former trial, must be taken at the time, or it is waived.

APPEAL from the Circuit Court for *Dane* County.

The action below was brought by *Martin Tinker* and his wife *Janette* against *Henry Charlesworth*, for an assault and battery upon *Janette*. On the trial, Jonathan Carter, as a witness for the defendant, testified that he was present at the trial of the suit of the State of Wisconsin, upon the complaint of *Janette Tinker*, against *Henry Charlesworth*, for an assault and battery upon said *Janette*, committed at the house of said *Charlesworth*, September 10th, 1862, [being the same assault complained of in this action,] which trial was held before M. C. Bennett, a justice of the peace in Dane county, October 3d, 1862; that his wife was also present and a witness at said trial on behalf of the defendant; and that she was now dead. Wm. Powell, for the defendant, also testified that he was present at said trial before M. C. Bennett, Esq.; that the plaintiffs were both present and testified therein; that the plaintiffs' counsel in this case was also present and acting as attorney for the prosecution; that Mrs. Carter, wife of the witness above named, was sworn and testified as a witness for the defendant on that trial, and was cross-examined by the counsel for the prosecution; that witness was then acting as counsel for the defendant, and took full notes of the testimony of Mrs. Carter; that he also remembered what she then swore to; and that Mrs. Carter

was now dead. The defendant's counsel then asked the witness what Mrs. Carter testified at said trial; but the testimony was ruled out. Verdict and judgment for the plaintiffs; to reverse which judgment the defendant sued out his writ of error.

*J. H. Carpenter*, for plaintiff in error, cited *Mayor &c. v. Day*, 3 Taunt., 262; *Lightner v. Wike*, 4 S. & R., 203; *Glass v. Beach*, 5 Vt., 172; *Wright v. Tatham*, 1 Ad. & E., 3; *Jackson v. Bailey*, 2 Johns., 17; *Caton v. Lenox*, 5 Rand. (Va.), 37; *State v. Hooker*, 17 Vt., 658; *Taylor v. Brown*, Sir Thos. Reynolds' Rep., 170.

*S. U. Pinney*, for defendants in error :

1. The record of the former suit was not produced. *Beals v. Guernsey*, 8 Johns., 449; *Heth v. Young*, 11 B. Mon., 278. 2. The action in which the evidence was given *was not between the same parties, and they were not litigating the same interests.* 1 Phil. Ev., 389; *Jackson v. Crissey*, 3 Wend., 252; *Osborn v. Bell*, 5 Denio, 370; *Wilbur v. Selden*, 6 Cow., 164; *Arderry v. The Com.*, 3 J. J. Marsh., 183; 1 Greenlf. Ev., § 538. The plaintiffs in this action did not control the prosecution, and could not have done so, and they had no *right* to cross-examine the witness at that time, nor does it appear that they did. It is true, it is stated that the prosecution was on the complaint of *Janette* Tinker, yet it does not appear that the *husband Martin* Tinker had any further connection with the case than that of a witness, and for which side does not appear. The wife could not sue alone (1 Chitty Plead., 72), and this rule has not been changed by the code. *Klein v. Hentz*, 2 Duer, 633; 2 Seld., 397. The principal test mentioned in the elementary works and the cases as to the admissibility of such evidence, is, whether the parties against whom such evidence is offered had the *right* to cross-examine the witness whose testimony is offered to be proved, and an opportunity to exercise it. 1 Phil. Ev., 401; 1 Greenl. Ev., § 164; *Heth v. Young*, 11 B. Mon., 280; *Bowie v. O'Neale*, 5 Har. & J., 231.

*By the Court*, COLE, J. The only question in this case is the

one arising upon the ruling of the circuit court excluding the evidence offered for the purpose of showing what the deceased witness, Mrs. Carter, testified to on the trial of the suit of the state upon the complaint of *Janette Tinker* against the plaintiff in error, before the justice. That was a prosecution on behalf of the state for an assault and battery upon *Mrs. Tinker*, which assault constitutes the cause of action in this case. It is claimed that this evidence was properly excluded, because the testimony of the deceased witness was not given in a judicial proceeding in which the plaintiffs in this case were parties, and where they had the power to cross-examine the witness. It seems, however, to be well settled by many of the authorities, that it is not necessary, in order to admit such testimony, that it should have been given on the trial of a cause in the exact technical shape of the second action, or that the parties in this action should be literally or nominally the same with those on the trial of the first action. See the cases cited in Cowen & Hill's Notes to Phil. Ev., 1 Vol., page 389 et seq. (4th American ed.); 1 Greenl. Ev., sections 163 and 164. It appears to us that the true test in regard to the admissibility of such evidence is, did the party who is to be affected by it have the power of cross-examining the witness, or at least have an opportunity of doing so? If the party had this power of cross examining the witness on the former trial, and was legally called upon to do so, we can then see no danger or hardship in admitting the evidence in a subsequent suit after the decease of the witness. The testimony of Mrs. Carter in the prosecution before the justice, related to the same assault in issue in this case, and if *Mrs. Tinker* and her husband had the management and control of that prosecution, could examine the witnesses &c., we think then that that testimony would be admissible under the rule above stated. And that our statute does give the complainant in a criminal prosecution before a magistrate for an assault and breach of the peace the control of the prosecution, with full power to examine all witnesses sworn upon the

trial, there can be no doubt. It expressly declares that district attorneys need not appear before the justice and prosecute in behalf of the state in any case of common assault and battery (sec. 83, chap. 13, R. S.); and the entire management of such cases is within the control of the complainant, if he chooses to exercise it. The complainant and accused strike the jury (sec. 11, chap. 121); either party may challenge any juror for cause, as in civil cases (sec. 15); and the justice is authorized to enter judgment against the complainant for costs, if he deems the complaint willful and malicious, and may issue execution on such judgment against the person of the complainant, in the same manner and to the like effect as in cases where execution is issued against a defendant in actions founded on tort. Sec. 20. These provisions of our statute fully show that *Mrs. Tinker* and her husband had the right to control the criminal prosecution before justice Bennett, might employ counsel to conduct the same, and had the power and ample opportunity of cross-examining Mrs. Carter on the trial of that cause. If so, the testimony of the deceased witness comes strictly within the rule above laid down. It likewise appears from the record, that the counsel for the plaintiffs in this case was also present and acted as attorney for the prosecution before the justice, and in fact did cross-examine Mrs. Carter. Under these circumstances, it seems to us that evidence as to what she testified to on that trial was admissible.

It is further objected that the record of the former suit was not produced, in order to lay the foundation for admitting this evidence. The admission of the testimony, however, was not objected to on that ground in the court below, as it should have been in order to make it available now. *Beals v. Guernsey*, 8 Johns., 446; *White v. Kibling*, 11 id., 128. If the objection had been placed upon this ground, it might have been obviated by the production of the docket of the justice. The failure to produce the docket must therefore be held to have been waived.

The result of this examination is, that there must be a new trial.

The judgment of the circuit court is therefore reversed, and a new trial ordered.