RAILROAD *v.* KELLY.

(*Knoxville.*     October 13, 1892.)

COMMON CARRIER.   *Liability of carrier for goods destroyed at depot of desti-
nation.*

The matters decided in the case of Railroad *v.* Kelly, *ante*, p. 699, are
re-affirmed in this case.

FROM HAMILTON.

Appeal in error from the Circuit Court of Ham-
ilton County.   JOHN A. MOON, J.

LEWIS SHEPARD for Railroad.

W. G. M. THOMAS and ROBT. P. WOODARD for
Kelly.

CALDWELL, J.   J. W. Kelly sued the East Ten-
nessee, Virginia and Georgia Railway Company for
its failure to safely transport and deliver five hun-
dred pounds of smoking tobacco, intrusted to it
for transportation.   The Justice of the Peace before
whom the suit originated rendered judgment in
favor of the plaintiff for $150, the value of the
tobacco; and, on appeal, the Circuit Judge, hearing
the case without a jury, affirmed that judgment.

The railway company has appealed in error.

Kelly bought the tobacco in question at Durham,
N. C.   It was shipped to him at Chattanooga by

Railroad *v.* Kelly.

rail, the East Tennessee, Virginia and Georgia Railway Company being the last carrier in the route. That company transported the tobacco to Chattanooga, and, on April 27, 1891, unloaded it from the car and stored it in the company's depot, where it was destroyed by fire on the morning of the twenty-ninth of the same month. Kelly sent his drayman to the depot, and, through him, demanded the tobacco in the forenoon, and again in the afternoon, of the twenty-eighth of April. Each time the company's agent told the drayman that the tobacco had not been received.

There is no proof as to the cause of the fire.

We hold, upon these facts, (1) that the railway company had ceased to be a common carrier, and assumed the less hazardous position of warehouse-man, with respect to the tobacco, at the time of its destruction; (2) that, in the absence of proof to that effect, the railway company cannot be held to have been negligent in permitting or causing the fire; (3) that it was negligent in not delivering the goods when demanded; (4) that this negligence, though not producing the fire, was, nevertheless, the proximate cause of the loss to the owner; (5) and, finally, that the railway company is liable, as warehouseman, for the value of the goods at Chattanooga. All these questions are discussed in *Railroad* v. *Kelly, ante,* p. 699, just decided; hence, discussion of them here is unnecessary.

Affirm, with costs.