<hr/>

## McGEOCH and another, Executors, Appellants, vs. CARLSON, Respondent.

*April 7 — April 30, 1897.*

*Evidence: Appeal from justice's court: Justice's minutes: Refreshing recollection.*

1. On the trial of an appeal from a judgment rendered by a justice of the peace, the justice's minutes of the testimony of the plaintiff, since deceased, as a witness are not competent to prove such testimony, but the justice is a competent witness for that purpose, and may refer to such minutes to refresh his recollection.

2. In such a case the exact words of the deceased need not be given in order to render evidence of his testimony admissible.

McGeoch and another vs. Carlson.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This was an action, brought by Peter McGeoch against the defendant in justice's court, for the conversion of a horse, the property of said McGeoch, alleged to have been stolen from him, and that it afterwards came to the defendant's possession, who held the same, and claimed it as his own property, and, upon demand therefor, refused to give it up. The defendant answered by a general denial, and alleged that he purchased and paid for the horse at a reasonable price, and that he had the title to it. The plaintiff had judgment, and the defendant appealed to the superior court. Plaintiff having died, the action was, on suggestion, continued in the name of the present plaintiffs, as his executors.

At the trial in the superior court, the plaintiffs called as a witness the justice of the peace before whom the action was tried, and who had taken down the evidence at the trial, and offered to prove by him what the plaintiffs' testator testified to, as a witness in his own behalf, on such trial, in reference to the horse, the defendant being represented by counsel at such trial. The witness testified that he might not have taken down every word that was said by McGeoch, but took down all of the material statements that he made, both on direct and cross-examination, and that he had the minutes with him. The plaintiffs' counsel offered the minutes in evidence, but, upon objection, they were excluded. The witness was asked these questions, namely: What did McGeoch at that time testify as to who was the owner of the horse? What did he then testify to as to who had possession of the horse? What did he then testify to as to whether that horse was stolen from him, and when? Each of these questions was objected to on the ground that it was incompetent and immaterial, and in each instance the objections were sustained. The plaintiff offered to prove by the said justice that on the former trial he was present and heard and took down

the evidence of McGeoch, and what McGeoch testified to in reference to who was the owner of the horse, and when it went out of his possession, and how and when he last saw it, and that the justice made a memorandum of that evidence at the time; but the evidence was objected to, and the court excluded it, for the same reasons. The plaintiffs examined one witness as to the ownership of the horse, and another as to its value, and rested. The defendant's counsel moved for a nonsuit, which was granted, and judgment was given for the defendant accordingly, from which the plaintiffs appealed.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *L. A. Olwell.*

For the respondent the cause was submitted on the brief of *Orren T. Williams.*

PINNEY, J.    While the minutes kept by the justice of the testimony of McGeoch, since deceased, were not admissible as competent evidence to prove what he testified to as a witness on the former trial, the justice, however, was a competent witness for that purpose, and he might use or refer to the minutes of such testimony taken by himself to refresh his recollection. The issue and the interest of the respective parties are the same as on the first trial; the present plaintiffs, as executors, standing in the place of and holding the interest of McGeoch, the deceased plaintiff. It is enough if the second trial is between those who represented the parties at the first trial by privity, in blood, in law, or in estate. The defendant was represented on the former trial by counsel, who had an opportunity of cross-examining the witness. The evidence tendered was clearly competent. It is not necessary that the exact words of the deceased be given. It is enough if the substance of his testimony can be stated. Jones, Ev. §§ 339, 346; *Charlesworth v. Tinker,* 18 Wis. 633; *Zitske v. Goldberg,* 38 Wis. 216, 228.

Schiffler vs. The Chicago & Northwestern R. Co.

It is urged that there was no evidence of conversion. Both parties claim title to the horse, each denying the right of the other, as appears from the pleadings; and it may well be that the evidence of what McGeoch testified to on the former trial, tendered and rejected, if admitted, would have supplied any want or defect of evidence of conversion. For these reasons there must be a new trial.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.