DUNCK, Administrator, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*May 17 — June 2, 1899.*

*Evidence: Deceased witness: Investigating committee of county board: Judicial proceeding.*

Plaintiff's intestate rendered services as an expert for a special committee of the county board of supervisors, and subsequently gave evidence before such committee denying that his compensation had been fixed by special contract. Thereafter he filed a claim for such services, which was disallowed in part by the county board. He appealed to the circuit court, but died before the trial. On the trial two members of said committee, as witnesses for defendant, testified to the making of such special contract. *Held,* that the testimony of the deceased given before said committee was inadmissible in rebuttal, there being no issue pending between the deceased and the county at the time it was given, and the proceeding before said committee not being an action or judicial proceeding, within the rule that evidence given under oath in a judicial proceeding is admissible in a subsequent action or a subsequent proceeding in the same action, where it is shown that the witness is dead and that the parties and issues are the same.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This is an action for the value of services performed by the plaintiff's intestate for the defendant county. On the trial it appeared that in May, 1894, Garrett Dunck, the intestate, was employed by a special committee of the board of supervisors of Milwaukee county to examine, as an expert, an alms house which had been recently erected by the county, for the purpose of ascertaining whether the contractors had faithfully performed their work. The intestate spent eighteen days in the work, and filed a claim against the county for $900 on account of such services. The board allowed $180, and disallowed the balance of the claim, on the ground that the intestate had made a special contract to do the

Dunck vs. Milwaukee County.

work for a sum not exceeding $10 per day. Dunck appealed to the circuit court, and before trial of the action died, and the action has been revived in the name of his administrator. The jury returned a verdict for the plaintiff for $315 in excess of the amount allowed by the supervisors, and from judgment upon this verdict the county appeals.

For the appellant there were briefs by *A. C. Brazee*, district attorney, and *A. C. Umbreit*, assistant district attorney, and oral argument by *Mr. Umbreit*.

For the respondent there was a brief by *Austin & Fehr*, and oral argument by *W. H. Austin*.

WINSLOW, J. The defendant did not deny the services of the plaintiff's intestate, but claimed they were rendered under an agreement that the price thereof should not exceed $10 per day, and this was the fundamental issue between the parties upon the trial. Upon this issue the defendant called as witnesses two members of the investigating committee who employed Dunck, who testified to the making of a special contract with him by which he was to receive not exceeding $10 per day for his services. In rebuttal the plaintiff offered the testimony given by Dunck before the same committee, in which he testified that there was no such agreement. The defendant objected to this testimony as incompetent, and the objection was overruled, and the sole question on the appeal is whether this ruling was correct.

It appears from the evidence that the investigating committee, after making some investigations, and after Dunck had performed his work, were directed, by resolution of the county board, to make investigations into other matters, and to report the cost of the entire investigation. It was evidently under this last clause that Dunck was examined and gave the evidence in question. With regard to the reception of such evidence the rule is that evidence given under oath in a judicial proceeding is admissible in a subsequent

action, or a subsequent proceeding in the same action, where it is shown that the witness is dead, and that the *parties* and the *issue* are in substance the same. Jones, Ev. §§ 339, 340; *McGeoch v. Carlson*, 96 Wis. 138. It is clear that the evidence offered does not come within the rule. The proceeding before the committee was not an action or a judicial proceeding, within the meaning of the term as here used, nor was there any issue then pending between the county and Dunck.

*By the Court.*— Judgment reversed, and action remanded for a new trial.