WOLOSEK, Appellant, vs. CHICAGO & MILWAUKEE ELECTRIC
    RAILROAD COMPANY and others, Respondents.

*October 8—October 27, 1914.*

*Negligence: Proximate cause: Instructions to jury: Railroads: Col-*
    *lision at highway crossing: Contributory negligence: Special*
    *verdict: Evidence: Milwaukee civil court: Appeal: Reversal:*
    *New trial.*

1. An alleged negligent act cannot be held to be the proximate
   cause of an injury in the legal sense unless the person re-
   sponsible for such act, in the light of attending circumstances,
   ought in the exercise of reasonable care to have foreseen that
   personal injury might result therefrom to another; and in the
   instructions on that subject the jury should be so informed.
2. In an action for injuries sustained in a collision with an elec-
   tric car at a highway crossing, it is *held* that the issue as to
   plaintiff's contributory negligence was not sufficiently covered
   by questions in the special verdict as to whether he could have
   seen the light from the car, or could have heard the car ap-
   proaching, in time to have avoided the collision; and that it
   was error not to submit a specific question as to whether or
   not the plaintiff was guilty of any want of ordinary care which
   proximately contributed to cause the injury.
3. Upon the question of plaintiff's contributory negligence in such
   case, the evidence is *held* to have been so conflicting that the
   trial court (the Milwaukee civil court) was not clearly wrong in
   submitting that issue to the jury; and the circuit court, there-
   fore, upon reversing the judgment for errors in the form of
   such submission and in the instructions, properly granted a
   new trial.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from an order granting a new trial upon appeal of the defendants from a judgment against them in the civil court of Milwaukee county.

The action is for the recovery of damages sustained by the plaintiff in a collision with a car operated by the defendant company.

In the evening of February 4, 1912, the plaintiff and a companion were in a bob-sled at the time of such collision. They had come out of a saloon a short time before and procured the horse and bob-sled from a shed. They had bundled up well, pulling their caps down over their ears before they got into the sled. They drove north to Rawson avenue and then turned east and drove upon the track of the defendant company and were there struck by an electric passenger car going north. The plaintiff testified that before they drove upon the track they stopped, that he looked and listened, and that when he looked south he heard nothing and saw nothing; that he had looked to the north as they drove up to the track, and that when he drove upon the track the car hit the middle of the sled. He also testified that the car was not lighted, stating, "there was no light on the car," and also that there was no whistle or gong sounded. Four women who were on the way to the station to take the car testified that they observed the car approaching the crossing from the reflection of the lights, and that they could see this reflection of the light of the car immediately upon stepping out of the Ballbach residence, and that they saw it when the car came through and emerged from a cut on its right of way and came toward the crossing. It was shown that a light of any car was visible and unobstructed to a person's view at and near the crossing for a distance of 900 feet. The plaintiff was injured in the chest and badly bruised and claims that he is still unable to follow his trade as a mason.

This action was tried to the court and a jury in the civil court and the jury found in a special verdict (1) that the whistle was not blown at a point before reaching Rawson road where it could have been heard by the plaintiff; (2) that such failure to blow the whistle was the proximate cause of such injury; (3) that the headlight was not lighted so that it could be seen by the plaintiff in time to have avoided the collision in the exercise of ordinary care; (4) that such failure to have the headlight lighted was the proximate cause of the plaintiff's injury; (5) that the plaintiff, in the exercise of ordinary care, could not have seen the light from the car in time to have avoided the collision; (6) that the plaintiff, in the exercise of ordinary care, could not have heard the car approaching in time to have avoided the injury; and (7) damages assessed at $1,500.

The motions of the defendants for judgment notwithstanding the special verdict, and to set aside the special verdict and grant a new trial, were each denied in the civil court; and the motion of the plaintiff for judgment upon the special verdict was granted.

The defendants appealed to the circuit court for Milwaukee county, and it was there held that the defendants had not had a fair trial, and it was ordered that the judgment of the civil court be reversed and a new trial granted in the same manner as though originally brought in the circuit court. The plaintiff appeals from this order of the court.

For the appellant there were briefs by *W. J. Riley* and *N. W. Evans,* and oral argument by *Mr. Evans.*

For the respondents there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

SIEBECKER, J. The circuit court held that the civil court erred in its instruction on the subject of proximate cause. The plaintiff admits that the instruction wholly omitted to

inform the jury that proximate causation in negligence cases necessarily includes the element of reasonable anticipation, namely, that an alleged negligent act cannot be held to be the proximate cause of an injury in the legal sense unless the person responsible for the negligent act, in the light of the attending circumstances, ought in the exercise of reasonable care to have foreseen that personal injury might result therefrom to another. The repeated decisions of this court have emphasized the necessity of informing the jury on this subject, and reference to the following with the cases therein referred to is deemed sufficient: *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735; *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271; *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858.

The pleadings raised the issue of plaintiff's contributory negligence and the evidence on the subject is in sharp conflict. The special verdict does not contain a question covering the issue thus presented for determination. The verdict submitted embraces these inquiries: (5) Could the plaintiff, in the exercise of ordinary care, have seen the light from the car in time to have avoided the collision? and (6) Could the plaintiff, in the exercise of ordinary care, have heard the car approaching in time to have avoided the collision? The jury answered both of these inquiries in the negative. These answers decide no issues in the case bearing on the legal rights of the parties. They give no information on the question whether or not the plaintiff was guilty of contributory negligence under the circumstances shown. The verdict wholly omits any finding on this question. It is manifest that the trial court, under the issues raised and the conflicting evidence in the case on the subject of plaintiff's contributory negligence, erred in not submitting a specific question to the jury as to whether or not the plaintiff was guilty of any want of ordinary care which proximately contributed to cause the

injuries complained of. He evidently was of the opinion that questions 5 and 6 covered this branch of the case. This resulted in a mistrial, which cannot be corrected on the record. Under this condition of the record the circuit court properly held that manifest prejudicial error was committed in the trial of the case in the civil court.

It is however strenuously contended by the defendants that the circuit court improperly awarded a new trial for the reason that it appeared upon the evidence adduced that the plaintiff was guilty of contributory negligence as matter of law and that the rights of the parties could have been observed and protected and substantial justice have been done on this state of the record by awarding a judgment of dismissal of the plaintiff's complaint. This contention is based on the claim that the plaintiff's evidence to the effect that he stopped, looked, and listened for an approaching car when he was within about twenty feet of the railroad track at the crossing is so overwhelmingly impeached as to be wholly uncreditable, by the evidence of the four women who testified that they were on the way to the crossing to take this car and within sight and hearing of its approach, the one witness who was riding in the car, and the motorman and conductor, who each testified that the lights were lighted when the car was approaching the crossing, and upon the additional claim that the plaintiff had an unobstructed view of it, after it had emerged from the cut, for a distance of from 700 to 900 feet south of the crossing. The plaintiff testifies positively that he stopped, that he looked and listened, and that he neither saw the light of an approaching car nor heard a whistle or sound signaling its approach. The surrounding circumstances enabled him to see the lights on the approaching car if he looked as he testified, and tend to show that he could have heard the whistle signaling its approach. This raised a sharp conflict in the evidence on this point. The trial court was of the view that it presented an issue which ought to be

determined by the jury and the jury must have believed the plaintiff on this point, and the circuit court in granting a new trial affirmed this conclusion of the trial court.   We are not convinced that the trial court was clearly wrong in submitting this issue to the jury and therefore affirm the circuit court in granting a new trial.   This disposes of all the questions that need to be considered upon this appeal.

*By the Court.*—The order appealed from is affirmed.