PFEIFFER, Administrator, Respondent, vs. CHICAGO & MIL-
    WAUKEE ELECTRIC RAILROAD COMPANY and others, Ap-
    pellants.

*February 25—May 23, 1916.*

*Evidence: Testimony of deceased or absent witness: Statute con-
    strued: Instructions to jury: Witnesses: Impeachment.*

1. The "retrial, other action, or proceeding" in which, under sec.
    4141a, Stats., the testimony of a deceased witness or a witness
    who is absent from the state is, under certain conditions, ad-
    missible, is a retrial of the same action in which such testimony
    was originally taken, or other action or proceeding involving
    the same issues and between the same parties.      /

2. Thus, where two persons were injured in a collision with an in-
    terurban car, the testimony of one of them, taken in his action
    against the corporation alleged to be responsible, is not admis-
    sible, by reason of his absence from the state, in an action to
    recover for the injury and death of the other person.

3. A question in a special verdict being as to whether the headlight
    of an interurban car, in a collision with which plaintiff's intes-
    tate was injured, was burning as the car approached the place of
    the accident, it was error, in instructing the jury, to say that
    the question was whether the headlight was such as to give effi-
    cient light and not a dim and flickering light almost out,—it ap-
    pearing that it was an electric light and there being no evidence
    tending to show that it was or could have been burning dimly or
    flickering.

4. In an action to recover for the death of a person it was error to
    permit plaintiff to prove that a witness for defendant had on a
    certain occasion made a remark indicating personal animosity
    against the deceased and his family, such testimony being ad-
    missible only for purposes of impeachment and after the proper
    foundation for it had been laid.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Edgar L. Wood,* at-
torney, and *Bull & Johnson,* of counsel, and oral argument
by *Mr. Wood.*

For the respondent there was a brief by *N. W. Evans &
W. J. Riley,* and oral argument by *Mr. Riley.*

The following opinion was filed March 14, 1916:

PER CURIAM.    The respondent recovered judgment against the appellants for $6,000 damages resulting from negligent injuries inflicted upon one George Pfeiffer, causing suffering and death.    The accident occurred at 7:20 o'clock on the evening of February 4, 1912, at a grade crossing in the town of Oak Creek, Milwaukee county, where the Rawson road is crossed by the interurban railway track of appellants.    The plaintiff's intestate and one Wolosek, after spending the day at a liquor saloon within a few rods of this crossing, were riding in a bob-sled drawn by one horse eastwardly on the Rawson road after dark towards their home with their ears covered, and while on the crossing were struck by a north-bound interurban car.    This is the same accident which was involved in the case of *Wolosek v. Chicago & M. E. R. Co.* 158 Wis. 475, 149 N. W. 201, and reference may be made to that case for a more extended statement of the facts.

A very strong showing was made by defendant by the testimony of disinterested witnesses as well as by that of its conductor and motorman to the effect that the interurban car was provided with a sufficient headlight and gave the usual signals for that crossing.    The plaintiff's case rested upon the testimony of said Wolosek given by him in the action just referred to, which was brought by him to recover damages for his own injuries occasioned by the same collision.    This testimony was received in evidence against the objection and exception of the appellants, and without it there is no evidence to support the verdict.

To a lawyer trained in the common law the claim that such testimony is admissible is novel and almost startling.    The witness is not sworn in this case, therefore not punishable for perjury therein.    To pick out the testimony of a witness given in a former cause perhaps years before, wherein the parties were different although the act under investigation

the same, and read it to the jury in the new action with the same force and effect as if the witness was sworn and testified in such new action, is not, we think, warranted by the statute relied on for its admission. That statute is sec. 4141a, Stats., and reads as follows:

"The testimony of any deceased witness, or any witness who is absent from the state, taken in any action or proceeding, except in a default action or proceeding where service of process was obtained by publication, shall be admissible in evidence in any retrial, other action, or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine the said deceased or absent witness, and where the issue upon which it is offered is substantially the same."

This section as first enacted (ch. 107, Laws 1909) applied only to the testimony of deceased witnesses, but was amended by ch. 65 of the Laws of 1911 to include witnesses "absent from the state."

It is contended that the words "other action or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine the said . . . witness, and where the issue upon which it is offered is substantially the same," includes actions or proceedings by any other person against the same defendant wherein the issues are substantially the same as those in the case in which the testimony was given. There is no time limit within which such testimony may be used; the first action may have been comparatively unimportant as to the amount involved, the second very important (as is the case here); the party against whom the testimony is offered may have won the former case on the testimony of a witness now deceased whose testimony cannot be used in the second case because the opposing party was not a party to the former suit and hence had no opportunity for cross-examination. We should scrutinize carefully the statute before giving it any such construction. The common-law rule was to the effect that if a witness whose testimony

had been taken at a former trial of the same action between the same parties or their privies is dead or insane or beyond the seas, his testimony may be read upon a subsequent trial of the same action. Jones, Ev. (2d ed.) §§ 340, 341; 16 Cyc. 1088 *et seq.; London G. & A. Co. v. American C. Co.* 251 Ill. 123, 95 N. E. 1064. The statute relied on makes the testimony admissible in evidence "in any retrial, other action, or proceeding" described. We think this must be limited to retrial of the same action or "other action or proceeding" involving the same issues and between the same parties. There is nothing in the words of the statute to extend it beyond this. It certainly relates to and includes retrials of the same cause between the same parties. "Other action or proceeding" extends the scope of the statute beyond a retrial of the same cause, but extends it no further. We find nothing in the statute extending its operation to actions or proceedings between other parties than those in which the original and sworn testimony was first given. On the other hand, we find the restriction to actions or proceedings between the same parties in the common law which preceded the statute, in the group of words "any retrial, other action, or proceeding," and in the rule of law which forbids us to extend by any latitudinarian construction the words of this statute to causes not expressly or by necessary implication included therein. It would have been very easy for the legislature to use language which would be clear and unmistakable if they intended to make so radical a change in the rules of evidence as is claimed by the respondent to have been made by this section. No such language was used, and we decline to extend the effect of the language used by any doubtful construction.

This conclusion necessitates reversal of the judgment. It seems proper to notice two other erroneous rulings, without, however, intimating that they would necessarily call for reversal of the judgment if they stood alone.

Among the questions submitted to the jury was one inquiring whether the headlight of the car was burning as it approached the crossing. In instructing the jury on this question the trial judge said in substance that the question was whether the headlight was such as to give efficient light and not a dim and flickering light, almost out. This was misleading. The headlight was an electric light. Either it was burning or it was not burning. There was no testimony tending to show that it was or could have been burning dimly or flickering.

The plaintiff was allowed against objection to prove that a witness called by the defendant had on a certain occasion made a remark indicating personal animosity against the deceased and his family. This testimony was admissible for purposes of impeachment only, and not then unless the foundation for it had been already laid by calling the attention of the witness sought to be impeached to the particular statement claimed to have been made and asking him whether he made it. *Ferguson v. Truax,* 136 Wis. 637, 118 N. W. 251.

We do not find it necessary to treat any other questions.

Judgment reversed, and action remanded for a new trial.

Upon a motion by the respondent for a rehearing, besides briefs on behalf of the respective parties there was a brief by *Moritz Wittig & H. J. Killilea,* of counsel for the Jones Islanders (interested especially in the case of *Illinois Steel Co. v. Muza,* not yet decided).

The motion was denied, with $25 costs, on May 23, 1916.