ILLINOIS STEEL COMPANY, Appellant, vs. MUZA and others, Respondents.

*September 13—November 14, 1916.*

*Ejectment: Location of premises: Adverse possession: Evidence: Testimony of deceased or absent witness: Statute construed. "Other action or proceeding."*

1. In an action of ejectment the location of the premises and their situation with reference to the property involved in a previous action of ejectment by the same plaintiff are *held* to have been sufficiently shown by the evidence and the statements made to the trial court by counsel for both parties.

2. The "other action or proceeding," in which, under sec. 4141a, Stats., the testimony of a deceased witness or a witness who is absent from the state is admissible, is not limited to actions or proceedings in which the parties are the same as in the action wherein the testimony was originally taken, it being sufficient that the party against whom such testimony is offered had a full and adequate opportunity to cross-examine the witness on substantially the same issue and then had the same interest and motive to cross-examine that he has on the pending trial. *Pfeif-*

*fer v. Chicago & M. E. R. Co.* 163 Wis. 317, so far as it conflicts herewith, overruled.

3. So *held* in an action of ejectment as to testimony of a witness, since deceased, which had been taken in a previous action of ejectment by the same plaintiff against another defendant,— such witness, who was the predecessor of both defendants in the occupancy of a tract which included the separate parcels involved in the two actions, having testified as to his adverse possession of the whole of such tract.

APPEAL from a part of a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an action in ejectment.

The plaintiff is the holder of the record or paper title to the property in dispute. The defendants pleaded adverse possession under the ten- and twenty-year statutes. At the opening of the defense, W. J. Buckley, the official stenographer and court reporter of Judge LUDWIG's branch of the circuit court for Milwaukee county, was called as a witness and was asked to read the original notes taken by him of the testimony of Jacob Muza and others, now deceased, during the trial of an action in which the *Illinois Steel Company* was plaintiff and Anton Zelin and others were defendants. The land involved in the Zelin case lies to the north of the land involved in the present case. The circuit court admitted that portion of Muza's testimony as given in the Zelin case which tended to show adverse possession of the premises involved in this action by Jacob Muza and others. Plaintiff took exception to the admission of such testimony.

The court submitted the question of adverse possession to the jury in a special verdict, who found for the defendants. Judgment was entered in favor of the plaintiff for the easterly six feet of the premises as described in the amended complaint and in favor of the defendants as owners in fee simple of all the remainder of the property here involved. This appeal is taken from that part of the judgment in favor of the defendants.

The cause was submitted for the appellant on the briefs of *Theodore Kronshage, Jr.,* and *John H. Paul,* and for the respondents on that of *Moritz Wittig* and *H. J. Killilea.*

SIEBECKER, J.    It is urged that the record does not disclose where the property here in dispute is located on Jones Island nor its location with reference to the location of the Anton Zelin property.    It is shown that the defendants' property lies in Cooper street between blocks 190 and 191 of the plat introduced in evidence exhibiting the platted area of Jones Island.    On record pages 366 and 367 it appears that, in response to the court's inquiry regarding the location of the property in litigation here in relation to the Anton Zelin property, plaintiff's counsel stated to the court that it was not denied ". . . that it lies south and a little to the west of the Zelin property, but the situation is just this: that there is no testimony in this Zelin case which was given with reference to any other case except the Zelin case."    "Court: Yes. There was testimony of occupation of more land around it." It was also admitted that a strip, a few feet wide, lay between the Anton Zelin property and the property in litigation.    We are satisfied from the record that the property in litigation and the Anton Zelin property were sufficiently identified and that the location of them on the island was properly assumed by the circuit court to be in conformity to the representations of counsel of both parties.

The principal question on this appeal relates to the competency of testimony given by witnesses, now deceased, on the trial of the case of Illinois Steel Co. v. Anton Zelin in the circuit court for Milwaukee county in 1907.    This testimony tended to show the use and occupation of some particular pieces of land there in dispute and of some other portions of Jones Island, from a time prior to 1880 and thereafter, and that such occupancy was adverse and continuous to the time of such trial.    The trial court overruled plaintiff's objection

to such testimony and held that the testimony is material and competent evidence in this case. The trial court based its ruling on the general rule of evidence established in the common law and the statutory declaration on the subject as contained in sec. 4141a, Stats., which provides:

"The testimony of any deceased witness, or any witness who is absent from the state, taken in any action or proceeding, except in a default action or proceeding where service of process was obtained by publication, shall be admissible in evidence in any retrial, other action, or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine the said deceased or absent witness, and where the issue upon which it is offered is substantially the same."

This court in the early case of *Charlesworth v. Tinker,* 18 Wis. 633, applied this common-law rule of evidence in a broad and liberal way. There the evidence of a deceased witness given by him in a criminal action for an assault and battery was held admissible in a subsequent civil action by the complaining witness in the criminal action to recover damages for the assault from the party who was prosecuted criminally. The trial court had excluded the evidence as incompetent and on appeal this court declared:

"It is claimed that this evidence was properly excluded, because the testimony of the deceased witness was not given in a judicial proceeding in which the plaintiffs in this case were parties, and where they had the power to cross-examine the witness. It seems, however, to be well settled by many of the authorities, *that it is not necessary, in order to admit such testimony, that it should have been given on the trial of a cause in the exact technical shape of the second action, or that the parties in this action should be literally or nominally the same with those on the trial of the first action."* (Citing.) "It appears to us that the true test in regard to the admissibility of such evidence is, *Did the party who is to be affected by it have the power of cross-examining the witness, or at least have an opportunity of doing so?* If the party had this power of cross-examining the witness on the former trial,

and was legally called upon to do so, we can then see no danger or hardship in admitting the evidence in a subsequent suit after the decease of the witness."

This case was cited approvingly in *McGeoch v. Carlson,* 96 Wis. 138, 71 N. W. 116. This court, in the recent case of *Pfeiffer v. Chicago & M. E. R. Co.* 163 Wis. 317, 156 N. W. 952, in considering sec. 4141a, Stats., determined that the phrase "in any retrial, other action, or proceeding" in which the testimony of a deceased witness or one absent from the state is admissible was intended by the legislature to be "limited to retrial of the same action or 'other action or proceeding' *involving the same issues and between the same parties.*" In arriving at this conclusion it was there observed:

"We find nothing in the statute extending its operation to actions or proceedings between other parties than those in which the original and sworn testimony was first given. On the other hand, we find the restriction to actions or proceedings between the same parties in the common law which preceded the statute, in the group of words 'any retrial, other action, or proceeding,' and in the rule of law which forbids us to extend by any latitudinarian construction the words of this statute to causes not expressly or by necessary implication included therein."

Obviously the statute was there considered as declaratory only of an existing general rule of evidence. Upon re-examination of the statute and of the *Tinker Case,* 18 Wis. 633, which was cited to our attention on the motion for rehearing in the *Pfeiffer Case,* we are convinced that we misconceived the legislative purpose of this act and interpreted the terms of the statute in too restricted a sense. Upon re-examination of the subject and further study of the terms of the statute in the light of the liberal application of the established rule in the *Tinker Case,* we are convinced that it was intended to carry the doctrine of that case to the logical conclusion of making the testimony of a deceased witness or one absent from the state, "taken in any action or proceeding, . . . ad-

missible in evidence *in any retrial, other action, or proceeding,* where the party against whom it is offered *shall have had an opportunity to cross-examine* the said deceased or absent witness, and where the issue upon which it is offered *is substantially the same,"* competent in all actions wherein the adverse party objecting to such testimony had the opportunity of a full and adequate cross-examination of the witness and where such party has the same interest and motive in his cross-examination in the pending trial as he had in the action or proceeding wherein the testimony was taken. Such a practice renders it unimportant as to whether the action or proceeding wherein such testimony is sought to be used is a retrial of the same action or proceeding or is another action or proceeding *between the same or different parties.* The essential thing is that the issue upon which such testimony is offered is substantially the same and that the objecting party shall have had an opportunity of a full and adequate cross-examination and had the interest and motive to exercise this right that he has on the pending trial. Whenever the competency of such testimony arises it necessarily involves the inquiry whether or not the objecting party has had such full and adequate opportunity to cross-examine the witness on substantially the same issues and whether he then had the same interest and motive to cross-examine the witness as he has on the pending trial, which determination must necessarily rest with the trial court. We are now convinced that we erred in construing this statute in the *Pfeiffer Case* by holding that such testimony is admissible only "in any retrial, other action, or proceeding involving the same issues and between the same parties," but that the terms "retrial, other action, or proceeding" were intended to include actions and proceedings by any person against the same party wherein the issues were substantially the same as in the action or proceeding in which the testimony was given. We deem it necessary to correct this error on this occasion, the first opportunity

after it has come to our attention, and in so far as the *Pfeiffer Case* conflicts with the views here expressed it is overruled.

The facts and circumstances of the present case show sufficiently that the testimony of the deceased witness, Jacob Muza, had been taken in the Anton Zelin action, wherein this plaintiff was plaintiff and wherein the issue then being investigated was substantially the same as the issues that are being tried in this case. True, the parcel of real estate involved in the Zelin case is not identical with that here involved, but it appears that the two parcels were carved out of the whole parcel concerning which Jacob Muza, deceased, testified, and which, as the jury found, he occupied and held adversely "from July 1, 1877, and continually up to the time he transferred the land to Jacob Ciskowski . . . ," and which "the deceased, Valentine Muza, and his predecessors, Jacob Ciskowski and Jacob Muza No. 1, in title combined, [did] occupy and use . . . continuously for at least twenty years prior to the commencement of this action. . . ." It is evident that these parties in regular order succeeded to the right of Jacob Muza, deceased, and that the present occupants trace their title under adverse possession to Jacob Muza's occupation and use of the premises.

As indicated above, the trial court, under the facts and circumstances shown, is to determine whether the plaintiff had the opportunity of a full and adequate cross-examination of this witness in the Zelin case and had the same interest and motive to do so in the two actions. We cannot say that the trial court ruled erroneously in admitting this testimony. We are of the opinion that the facts and circumstances tend to show that Jacob Muza, deceased, occupied portions of Jones Island adversely and that his right under such occupancy was by him transferred to his successors, who continued such adverse possession in a continued and unbroken sequence and transferred the rights so acquired to those whom the plaintiff has sought to eject in the actions called "the Jones Island

cases." Under the circumstances of this litigation the issues in these actions are substantially the same. The foregoing observations apply with equal force to the questions raised concerning the competency of the testimony offered and admitted of other deceased witnesses and in both the Zelin and Bilot cases.

We discover no prejudicial error in the court's ruling admitting in evidence the piece of timber which it is alleged had been dug out of the ground on the premises and which it is claimed corroborated Muza's testimony respecting the construction of breakwaters. We have considered the other exceptions taken by appellant and deem them not well taken. The record presents no reversible error.

*By the Court.*—The judgment appealed from is affirmed.