**WINCHELL v. ALASKA AIRLINES, Inc.**

**No. A–6444.**

United States District Court
D. Alaska.
Third Division.
April 9, 1951.

J. L. McCarrey, Jr., Anchorage, Alaska, for plaintiff.

McCutcheon & Nesbett, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

At the conclusion of the trial the Court found that the plaintiff was entitled to recover $15,000 on an account stated and $2,500 for loss of use of a plane sustained in consequence of negligent delay in making repairs.

The next inquiry is whether the plaintiff is entitled to recover for the destruction of the same plane by fire while in the custody of the defendant. This plane was delivered to the defendant on May 20, 1948, pursuant to the agreement of the defendant to overhaul it in a minimum of 60 days' time.

Between September, 1945, and November 1, 1948, the defendant became indebted to the plaintiff for personal services as area pilot in a sum exceeding $25,000. On August 4, 1949, there was an account stated between the parties, showing a balance due to the plaintiff of $17,542.26 after deducting $6,979.70 for overhauling the plane referred to. The account stated contained promises on the part of the defendant to pay the balance due the plaintiff and to redeliver the plane in a "fly-away" condition. At that time the repairs to the plane were so near completion that it was possible to determine the cost and this, as already stated, was deducted from the total indebtedness. However, for some reason, plaintiff's plane was thereafter removed from the repair hangar and placed in a storage hangar to await a more favorable opportunity to complete the repairs. On November 14, 1949, the storage hangar and the plane were destroyed by fire.

Plaintiff contends:

(1) That the promise of defendant in the account stated to redeliver the plane in a "fly-away" condition superseded the original contract of March, 1948, and made the defendant an insurer; and,

(2) That if said contract was not superseded, the defendant is nevertheless liable for the loss of the plane because of its negligence in delaying the completion of repairs, which he asserts was the proximate cause of the loss.

I am of the opinion that this promise was merely intended to be a restatement of the original undertaking and not an enlargement of the defendant's liability. Such a provision is merely declaratory of the obligation of a bailee. It would take express language to that effect to convert his liability to that of an insurer. Cary-Davis Tug & Barge Co. v. Fox, 9 Cir., 22 F.2d 64, 66; Fuchs v. Goe, 62 Wyo. 134, 163 P.2d 783, 789, 166 A.L.R. 1329; Anno. 150 A.L.R. 269, 299. The remaining questions are whether the delay in completing repairs was due to negligence and, if so, whether such negligence was the proximate cause of the loss. The defendant promised to have the plane overhauled in a minimum of 60 days which expired on July 20, 1948. By August 1, 1949 the job was so near finished that its cost was determined to be $6,979.70. However, it not only remained in that condition for several months, despite repeated demands that the job be completed, but was removed from the repair hangar and placed in a storage hangar where, on November 14, 1949, it was destroyed.

I find that the delay in making repairs was negligence. Symphony Player Co. v. Hackstadt, 182 Ky. 546, 206 S.W. 803, 1 A.L.R. 1648, and that such negligence, in concurrence with the fire, was the proximate cause of the loss. East Tennessee, V. & G. Railway Co. v. Kelly, 91 Tenn. 708, 20 S.W. 312; Schaff v. Roach, 116 Okl. 205, 243 P. 976, 46 A.L.R. 296; Bell Lumber Co. v. Bayfield Transfer R. Co., 169 Wis. 357, 172 N.W. 955; Anno. 56 A.L.R. 1382. That the facts in the case first cited were different from those in the case at bar as defendant points out, is without significance, for, whether a delay is due, as in the case cited, to inexcusable ignorance on the part of the bailee or to negligence,

as in the case at bar, would seem quite immaterial.

It was established that the value of the plane at the time of its delivery to defendant for overhauling was $1,000. Accordingly, I conclude that the plaintiff is entitled to recover the further sum of $7,979.70 with interest. An attorney's fee of $500 is allowed.