(63 App. Div. 38.)

## MORLEY v. CASTOR.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. EVIDENCE OF DECEASED WITNESS—ADMISSIBILITY—SUBSEQUENT TRIAL—CON-STRUCTION OF STATUTE.

A trial which is adjourned by reason of a variance between the evidence and the pleadings is a mistrial, and not a trial, within the meaning of Code Civ. Proc. § 830, providing that the evidence given by a witness dying after the trial is admissible on a subsequent trial thereof.

2. SAME—NECESSITY OF CROSS-EXAMINATION.

A witness was only examined in chief when the cause was adjourned for surprise caused by a variance between the pleadings and the evidence, and the witness died before a retrial. *Held*, that the want of cross-examination prevented the evidence from being admissible under Code Civ. Proc. § 830, providing that evidence given by a witness dying after the trial is admissible on a subsequent trial.

3. SAME—WAIVER.

The failure of the adverse party to cross-examine the witness before the adjournment was not a waiver of the right to object to the admissibility of such evidence.

Appeal from special term, New York county.

Action by Edward Morley against George A. Castor. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, IN-GRAHAM, and McLAUGHLIN, JJ.

G. H. Crawford, for appellant.

Jesse Stearns, for respondent.

O'BRIEN, J. The plaintiff seeks in this action to recover from his co-partners, who with him had formed the firm of George A. Castor & Co., a share of rents and profits to which he claimed to be entitled by virtue of a written agreement entered into between the parties on October 8, 1892. It is admitted that the agreement upon which he relies was duly made, and it was conceded at the trial that the amount of one-third of such profits would be $4,984.34. The original answer set up as a defense another written agreement entered into between the parties on November 23, 1896, and also alleged that from the written agreements certain omissions were made, according to which the plaintiff lost any rights to the one-third of profits which he claims. The case came on for trial, and after the plaintiff had rested the defendant Charles S. Morley was called. On his cross-examination a variance between his testimony and his answer became manifest, in that it tended to show that a new and subsequent verbal agreement had been entered into between the parties. A motion to conform the answer to the proof was then made and pending, when plaintiff's counsel stated that this variance was a surprise to him, and the court said that he was entitled to an adjournment, as the answer ought to be amended. Plaintiff's request for an adjournment was thereupon granted, with leave to the defendants to move at special term to amend; the case meanwhile to go back on the general calendar. Thereafter the answer was amended, and the action came on again to be tried. Meanwhile, however, Charles S. Morley, whose cross-examination was interrupted and left

incomplete, had died. It was therefore sought upon the retrial to introduce his testimony, and under objection and exception it was admitted. The importance to the defendants of this testimony appears from what was said by the learned trial judge in rendering judgment, who, in speaking of the new oral agreement of January 1, 1897, set forth in the amended answer, said:

"It is claimed that this agreement was at once acted upon and carried out, and it is on this final parol agreement that the defendants rely to defeat the claim of the plaintiff in this action. This verbal agreement is denied by the plaintiff, and it is upon the question of fact whether such an agreement was made that the decision of this case must turn."

And thereafter he says:

"The two defendants told the same story, in substance, in their evidence, and I think that the testimony of the plaintiff fails to overthrow it."

Unless this testimony was competent, the ruling admitting it is fatal to the judgment. In support of the admission of this testimony of the deceased partner, our attention is directed to section 830 of the Code of Civil Procedure, which provides that:

"Where a party or witness has died or become insane since the trial of an action or the hearing upon the merits of a special proceeding, the testimony of the decedent or insane person * * * taken or read in evidence at the former trial or hearing may be given or read in evidence at a new trial or hearing," etc.

It is contended, however, that as the witness had not completed his testimony, and there had not been a trial, but a mistrial, the testimony was inadmissible. This contention, we think, should be sustained. It was not testimony given on a trial, for there was none. Besides, the examination of a witness consists not alone of the direct, but also of the cross, and a party cannot be deprived of the right to cross-examine his adversary's witness. He may waive the privilege, as by defaulting on the trial, or he may forfeit it through his fault, or by not taking advantage of the opportunity, but he cannot be deprived of or have such right taken away. It is here conceded that on the cross-examination of Charles S. Morley the witness was interrupted by the discovery that the evidence varied from the defense pleaded; and the court was authorized, upon the plaintiff's counsel stating that he was surprised, to grant an adjournment, as he did, for the purpose of enabling defendants to amend their pleading. The contention of the defendants that the plaintiff, had he so desired, might have completed the cross-examination, and therefore it is his own fault that it was not completed, is without merit. The trial was interrupted to enable defendant to apply for the amendment, and until that was granted or denied, and a new trial had, it was entirely right to suspend further examination of the witness. Therefore the cross-examination was prevented and rendered incomplete by no fault of the plaintiff. This case is not like Bradley v. Mirick, 91 N. Y. 293. There it appeared that upon a former trial the defendant's counsel did not present himself, and the case proceeded as upon default. The witness, therefore, was not cross-examined; and in a subsequent trial (he having meanwhile died) the testimony taken was, pursuant to section 830 of the Code, put in evidence, and it was ob-

jected to upon the ground that the defendant had not cross-examined him on the former trial, and had no opportunity to do so. It was held that the failure of the attorney to appear was a waiver of the privilege of cross-examination, and that the consequences should therefore fall on him, and not upon his adversary. In the case at bar there was no waiver. Counsel was not bound to do that which his adversary, by a faulty or incomplete pleading, had rendered it impossible for him to do. This case, therefore, is more like that of People v. Cole, 43 N. Y. 508, wherein it was held that:

"It is error to suffer to go to the jury any evidence given by a witness on direct examination for the people, where, by sudden illness or by death of such witness, or other cause, without the fault of and beyond the control of the prisoner, he is deprived of his right of cross-examination."

In the present case an important and closely-contested question of fact was presented for the determination of the trial judge, and in his determination, as affirmatively appears, he relied to some extent upon this testimony of the deceased, which we think was incompetent and inadmissible. This error is of such serious import that it necessitates a reversal of the judgment and a new trial, which is accordingly ordered.

Judgment reversed; new trial ordered; costs to appellant to abide the event. All concur.