(81 App. Div. 614.)

### CRICHTON v. COLUMBIA INS. CO.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. INSURANCE AGENT—FOREIGN COMPANY—COMPENSATION — SUFFICIENCY OF COMPLAINT.

Insurance Law (Laws 1892, p. 1954, c. 690), § 50, forbids any person to act as agent of a foreign insurance company unless the company has complied with the statute. The agent of a foreign company, suing for services, alleged his employment, performance of services, etc., but failed to allege that the company had complied with the law. *Held*, that the complaint was not demurrable, as noncompliance did not affirmatively appear therefrom, and could not be assumed.

2. INTERLOCUTORY JUDGMENT—SECOND INTERLOCUTORY JUDGMENT—PROPRIETY.

A second judgment entered on an interlocutory judgment sustaining a demurrer is unauthorized, and will be reversed.

Appeal from Special Term, New York County.

Action by Frederick T. Crichton, as assignee of McDowell, Carroll & Co., against the Columbia Insurance Company. From interlocutory judgments overruling a demurrer to the complaint, defendant appeals. Reversed in part, and affirmed in part.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Albert A. Wray, for appellant.
David M. Neuberger, for respondent.

INGRAHAM, J. The action is to recover for services rendered by the plaintiff's assignor, as the agent of the defendant, in obtaining insurance in this state. The demurrer is upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. This objection to the complaint is based upon section 50 of the insurance law (chapter 690, p. 1954, Laws 1892). That section provides that no person or corporation shall act as agent for any foreign insurance company in the transaction of any business within this state, or negotiate or place risks for any insurance corporation, or in any way or manner aid such corporation in effecting insurances or otherwise in this state, unless such corporation shall have fully complied with the provisions of this statute, and for a violation of this provision there is imposed a fine; and it is claimed by the defendant, for whom the plaintiff's assignor acted as agent in placing insurance, that the complaint is insufficient because it fails to allege that the defendant fully complied with the provisions of this law.

The demurrer being upon the ground that upon the face of the complaint it does not state facts sufficient to constitute a cause of

action, this demurrer is not well taken, unless the objection relied upon appears from the complaint. There is nothing in the complaint to show that the defendant had failed to comply with the insurance law, and that the agreement of the plaintiff's assignor was in violation of section 50 of that act. The complaint alleges, and the defendant by its demurrer admits, that it employed the plaintiff's assignor to obtain insurance in this state, and that in pursuance of that employment the plaintiff's assignor did obtain such insurance, for which the plaintiff's assignor was entitled to receive the compensation agreed upon. Unless it appears from the complaint that the defendant had failed to comply with the provisions of the law which authorized it to do business here, the court would not, upon demurrer, assume that the defendant had acted in violation of the law in accepting insurance in this state, and employing plaintiff's assignor to obtain such insurance. As, therefore, the objection specified does not appear upon the face of the complaint, the demurrer was properly overruled.

The cases relied upon by the defendant, which hold that, before obtaining an attachment or other provisional remedy, where the statute requires, the plaintiff must show to the satisfaction of the court that he had a cause of action, do not apply; for in those cases, before the plaintiff is entitled to the process, he must show that he has a cause of action; but, to entitle the defendant to have a demurrer to the complaint upon this ground sustained, it must distinctly appear upon the face of the complaint that the plaintiff has no cause of action. This distinction has been pointed out so many times in the reported cases that it is only necessary to refer to it. We think, therefore, that the demurrer was properly overruled, and that the interlocutory judgment overruling it must be affirmed, with costs.

In this case, however, the plaintiff has entered a judgment based upon the interlocutory judgment containing substantially the same provisions as are contained in the interlocutory judgment. We have therefore in this case a decision of the court, an interlocutory judgment entered thereon, and another judgment entered upon the interlocutory judgment. Just the object of this latter judgment, it is difficult to conceive. It gives the plaintiff no greater right than the interlocutory judgment gave. It is unauthorized by any section of the Code or any practice of which we are aware. As the defendant has also appealed from this judgment, and as it is entirely unauthorized, the second or supplemental interlocutory judgment must be reversed, with costs to the appellant; the appellant to have leave to withdraw the demurrer and answer the complaint within 20 days after the service of the judgment entered upon this appeal, and upon payment of the costs on the appeal from the interlocutory judgment in this court and costs in the court below. All concur.