C. W. KEMBLE, Appellant, v. THOMAS LYONS, Appellee.

EVIDENCE:  Absence of Cross-Examination.  Transcripts of the
1  testimony of witnesses at a former trial are non-admissible on
   a subsequent trial, when, *without fault of the adverse party,*
   such witnesses were not cross-examined beyond *preliminary*
   *matters.*  So held where a continuance (on motion of the one
   offering the transcript) prevented a cross-examination.

EVIDENCE:  Absence of Cross-Examination as Grounds for Exclu-
2  sion.  Principle recognized that the evidence of a witness on
   direct examination must be excluded when, without fault of
   the adverse party, cross-examination has been prevented.

*Appeal from Guthrie District Court.—*J. H. APPLEGATE,
Judge.

OCTOBER 25, 1918.

ACTION for damages for alienating the affections of
plaintiff's wife.  There was a directed verdict for the de-
fendant, and plaintiff appeals.—*Affirmed.*

*D. G. Baker* and *Weeks & Vincent,* for appellant.

*Milligan & Moore, Z. A. Church,* and *J. W. Morris,* for
appellee.

EVANS, J.—I.  Only one question is presented for our
consideration on this appeal.  That involves the construction
of Section 245-a, Code Supplement, 1913.  The trial below
was had in the February term, 1917.  At
that time, plaintiff's wife was deceased.
The plaintiff offered in evidence a certified
transcript of certain testimony given by her at a former
term of the court.  This testimony was given on a trial of
the same cause, which trial, however, was interrupted by a
continuance of the cause.  Such continuance was granted
upon the application of the plaintiff, and while the cross-

1. EVIDENCE: ab-
   sence of cross-
   examination.

examination of plaintiff's wife, as a witness, was pending
and uncompleted.

To be more specific, the direct examination of the wit-
ness was had on Saturday, October 21, 1916. It was com-
pleted only a few minutes before adjourning time. The
cross-examination was begun. Only a few preliminary mat-
ters had been inquired about, when the court announced an
adjournment until Monday afternoon. Upon• the re-as-
sembling of the court, Monday afternoon, the plaintiff ap-
plied for and obtained a continuance. The continuance
necessarily terminated the examination of the witness. The
result was that no cross-examination was had upon the sub-
stance of the testimony of the witness. The transcript of
the testimony offered in evidence, therefore, by the plaintiff
upon the subsequent trial contained nothing of substance,
except the direct testimony of the witness. Was it ad-
missible? The trial court ruled that it was not. The appel-
lant concedes, in argument, that it was not admissible un-
der any general rule of evidence independent of statute. He
bases his contention wholly upon Section 245-a of our
statutes. We shall, therefore, confine our attention to a
consideration of the statute, which is as follows:

"That the original shorthand notes of the evidence or
any part thereof heretofore or hereafter taken upon the
trial of any cause or proceeding, in any court of record of
this state, by the shorthand reporter of such court, or any
transcript thereof, duly certified by such reporter, when
material and competent, shall be admissible in evidence on
any retrial of the case or proceeding in which the same were
taken, and for purposes of impeachment in any case, and
shall have the same force and effect as a deposition, subject
to the same objections so far as applicable. It shall be the
duty of any such reporter, upon demand by any party to any
cause or proceeding, or by the attorney of such party, when
such shorthand notes are offered in evidence, to read the

same before the court, judge, referee, or jury, or to furnish to any person when demanded a certified transcript of the shorthand notes of the evidence, of any one or more witnesses, upon payment of his fees therefor.   When the reporter taking such notes in any case or proceeding in court has ceased to be the reporter of such court, any transcript by him made therefrom, and sworn to by him before any person authorized to administer an oath as a full, true, and complete transcript of the notes of the testimony of the witness, a transcript of whose testimony is demanded, shall have the same force and effect as though duly certified by the reporter of said court.   When any exhibit, record, or document is referred to in such shorthand notes or transcript thereof, the identity of such exhibit, record, or document, as the one referred to by the witness, may be proven either by the reporter, or any other person who heard the evidence of the witness given on the stand.  No portion of the transcript of the shorthand notes of the evidence of any witness shall be admissible as such deposition, unless it shall appear from the certificate or verification thereof that the whole of the shorthand notes of the evidence of such witness, upon the trial or hearing in which the same was given, is contained in such transcript, but the party offering the same shall not be compelled to offer the whole of such transcript."

The appellant bases his argument upon two general propositions:

(1)    That, by the terms of the statute, the transcript was admissible, even though the examination was incomplete, and even though no opportunity for cross-examination was had.

(2)    That the defendant had an opportunity for cross-examination, and that he lost it through his own fault.

The question of the construction of similar statutes is one which has been frequently passed upon in other jurisdictions.   It has been quite uniformly held that, in order to

render such testimony admissible, it must be made to appear that the party against whom it is offered had the opportunity to cross-examine. This condition is, of course, met by an actual completed cross-examination, or by waiver of cross-examination. *Rutherford v. Geddes,* 4 Wall. (U. S.) 220; *Morley v. Castor,* 63 App. Div. 38 (71 N. Y. Supp. 363). See, also, authorities collected in 1 Rice on Evidence, 394, 581, 584. Not only is such evidence inadmissible in a sub-

2. EVIDENCE: absence of cross-examination as grounds for exclusion.

sequent trial, but it is inadmissible at the original trial. It has been held repeatedly that, where the cross-examination of a witness has been prevented either by sudden death or otherwise without fault of the adverse party, the direct evidence already taken must be excluded, for wanL of such cross-examination or the opportunity thereof. *Sperry v. Moore's Est.,* 42 Mich. 353, 361 (4 N. W. 13); *Pringle v. Pringle,* 59 Pa. St. 281; *People v. Cole,* 43 N. Y. 508; *Kissam v. Forrest,* 25 Wend. (N. Y.) 651; *Regina v. Mitchell,* 17 Cox Cr. 503. See, also, 2 Wigmore on Evidence, page 1743, Section 1391.

We find nothing in our statute which contravenes the general principle underlying the admissibility of this kind of evidence. Indeed, the last sentence of the section emphasizes the requirement that the "whole" of the evidence of the witness shall be included in the transcript, although the party offering the same may offer less than the whole. In the case before us, the examination of the witness being incomplete, the whole of her testimony could not be included in the transcript. If her decease had occurred after Saturday's adjournment, and before the continuance on Monday, her evidence already taken could have been excluded, upon the motion of the defendant, for want of the cross-examination.

II. It is urged by the appellant, however, that the defendant had the opportunity of cross-examination, and

that the same was lost through his own fault, in that the continuance was granted because of the fault of the defendant. The ground of the continuance granted to plaintiff was that the defendant had filed an amendment to his answer on October 20th, and had failed to notify the plaintiff thereof, and the plaintiff had only discovered the same on Monday, October 23d, and that it tendered issues in mitigation, which the plaintiff was not ready to meet. The plaintiff, therefore, moved to strike the same. This motion was overruled, but plaintiff's application for a continuance was granted. Such record discloses no fault on the part of the defendant. The trial court sustained his right to file his amendment of October 20th. This was prior to the examination of the witness. It is argued by appellant that the defendant could have completed his cross-examination, pending the consideration of the motion for a continuance; or that he could have done so even after the motion for continuance was sustained, if he had applied for leave to do so. To what purpose would or could he have insisted upon such cross-examination? The argument simply assumes that the defendant ought to have known that the witness would or might die before a subsequent trial, and that he must, therefore, cross-examine her at his peril, or be deemed to have waived the cross-examination. We think the argument without merit at this point. The continuance of the case terminated the trial. The defendant had no present right to proceed with his cross-examination at that time. We reach the conclusion that the trial court ruled properly, and its judgment is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.