WISCONSIN CREAMERIES, INC., Respondent, vs. JOHNSON and others, imp., Appellants.

*May 11—June 20, 1932.*

For the appellants there was a brief by *M. S. King* of Wisconsin Rapids, attorney, and *Buchen & Schlichting* of Sheboygan of counsel, and oral argument by *Mr. King* and *Mr. G. W. Buchen.*

For the respondent there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, attorneys, and *Zimmers, Jaeckel & Zimmers* of Milwaukee of counsel, and oral argument by *R. B. Graves.*

ROSENBERRY, C. J.   A most unusual situation is presented by the record in this case.   There was a single complaint in which were set out, without any attempt to separate the facts stated into distinct causes of action, facts which constitute six several causes of action: (1) against the defendants John E. Johnson and the Sheboygan Dairy Products Company, in which it is sought to enjoin Johnson as agent of the company from soliciting persons with whom the plaintiff had contracts, to breach their contracts; (2) against the defendant Fred Panter, in which it was sought to enjoin him from purchasing within the city of Wisconsin Rapids ice cream other than that manufactured by the plaintiff and so requiring him to perform his contract with the plaintiff; (3) against George Otto for like relief; (4) against the defendant Robert Ebbe for similar relief; (5) against Otto Pharmacy, Inc., for similar relief; (6) an action against George Pappas, in which similar relief was sought.

Upon the trial the action was dismissed as to the Sheboygan Dairy Products Company and as to that no question is raised or attempted to be raised.   As to the defendants Otto Pharmacy, Inc. and George Pappas the action was dismissed upon the merits.

The defendants Johnson, Otto, Panter, and Ebbe appeal from those parts of the judgment which affect them.   There

was but a single notice of appeal, the parts of the judgment appealed from being specified with great particularity.

Thereafter the plaintiff served a notice of review under sec. 274.12, Stats., to review those parts of the judgment which dismissed the complaint as to the Otto Pharmacy, Inc. and George Pappas. Subsequently the plaintiff served a notice of review in which it sought to review the findings which gave the plaintiff relief for a period of three years from the date of the contract in the Panter, Otto, and Ebbe cases. The contracts were entirely unrelated. Some were leasing contracts, some conditional contracts of sale, one contained a clause for liquidated damages. Pappas lived in Stevens Point, the Sheboygan Dairy Products Company was a corporation having its principal place of business in Sheboygan county but transacting business in Wood county, the defendant Johnson had formerly been an employee of the plaintiff company but after the termination of his employment with the plaintiff became an employee of the Wolf Valley Dairy Products Company. At the time the action was begun he was supposed to have been an employee of the Sheboygan Dairy Products Company, of which company the Wolf Valley Dairy Company is a subsidiary. The defendants Ebbe, Otto, and Panter live in Wisconsin Rapids. The Otto Pharmacy, Inc. has two stores, one at Wisconsin Rapids and one at Port Edwards. There can be no question but that these several causes of action were improperly joined. However, there was no objection on the part of the defendants to the misjoinder either by demurrer or otherwise. This appears to have been due to the fact that the contest was really between the creamery companies, it being a fair inference in the record that all of the defendants were being defended by the Sheboygan Dairy Products Company or its subsidiary, the Wolf Valley Dairy Company; at least all of the parties appeared by the same attorneys. The stat-

utes relating to procedure, however, assume that actions will be properly brought and must be interpreted accordingly.. We are disposed here as elsewhere to give statutes regulating procedure a liberal interpretation and so we shall consider the cases of Johnson, Panter, Ebbe, and Otto as properly here on their joint appeal from those parts of the judgment which affect them. The Otto Pharmacy, Inc. and George Pappas, however, did not appeal nor did the plaintiff take an appeal from what should have been a separate judgment in their respective actions. The plaintiff sought to procure the benefits of an appeal by serving a notice under sec. 274.12, Stats., which provides:

"In any case the respondent may have a review of the rulings of which he complains, by serving upon the appellant any time before the case is set down for hearing in the supreme court, a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

The notice of review was addressed to M. S. King and Buchen & Schlichting, attorneys for the appellants. The admission of service is by them as attorneys for appellants. It is manifest that neither the defendant Pappas nor the defendant Otto Pharmacy, Inc. was ever brought into this court. Interpreting the procedure liberally as we must in order to effectuate the appeals in the four cases, we cannot extend the statute to the extent of holding that notice of review served upon those defendants was sufficient to bring the defendants Pappas and Otto Pharmacy, Inc. before the court. The judgment in their cases was never appealed from. Therefore it cannot be reviewed here, the notice of review being wholly inefficient under the peculiar circumstances of this case, nor may the record in this respect be amended. Sec. 274.12 requires:

"In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall

serve his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal."

We cannot in one breath treat the actions as joined although improperly so, and in the other say that sec. 274.12 does not apply because the actions are separate. In any event sec. 274.12 is intended to secure to the one who serves the notice the right to review matters which are affected by the appeal or which may be urged in support of the judgment appealed from, so that the entire matter will be before the court. The situation here is of the plaintiff's own creation. Having elected to pursue this course, it must run the risks and hazards of the course adopted by it or carry its own insurance. There is no reason why the defendants against whom judgment was entered should be liable one for the other for the costs, but, having made no objection, we shall leave them where we find them.

Coming now to the merits of the case, it is argued that the contracts between Ebbe, Panter, and Otto are void because they are in restraint of trade. The contracts each contained a clause to the effect that the buyer or lessee of certain equipment described therein, for a period fixed in the contract, agrees to buy and use exclusively and to the extent of his requirements, ice cream, ices, and other dairy products sold by the plaintiff, at certain specified prices.

These contracts are attacked on the ground that being exclusive sales contracts they are void as against public policy. Contracts of this character have been so frequently upheld that it is considered sufficient to cite the cases which sustain them. *E. L. Husting Co. v. Coca Cola Co.* 205 Wis. 356, 237 N. W. 85, 238 N. W. 626; *Rose v. Gordon,* 158 Wis. 414, 149 N. W. 158; *Butterick Pub. Co. v. Rose,* 141 Wis. 533, 124 N. W. 647.

It is further urged that the contracts are invalid and unenforceable on account of lack of mutuality of obligation therein. This is intended no doubt to set up the claim that the obligations of the parties are so unequal that the contracts should not be specifically enforced. Clearly the contracts are valid and are not wanting in that mutuality which is necessary to the validity of the contract. 1 Williston, Contracts, p. 314, § 140. While it is true that in the event of the failure of the plaintiff to perform its contract with respect to delivery of the ice cream the remedy of the defendants would be an action for damages, nevertheless this does not prevent the court from specifically enforcing the contract as against the defendants. So called option contracts may not be specifically enforced as against the offeree but they are enforced as against the offerer where supported by a sufficient consideration. Specific performance is not a matter of right but a matter resting in the sound discretion of the trial court. This of course is not an arbitrary, capricious, unreasonable discretion, but a discretion which must be exercised in accordance with established principles. It satisfactorily appeared to the trial court that an action for damages was not an adequate remedy under the circumstances of the case. The court therefore decreed specific performance, a thing that was well within its power to do. 3 Williston, Contracts, p. 2562, §§ 1439 *et seq.,* 1445.

In the case of the defendant Ebbe the contract contained this clause:

"This contract shall be continued from year to year after the expiration of said three-year term, unless either party shall give the other at least thirty (30) days' written notice of its or his intention to terminate the same at the expiration of any year. Upon the termination of this contract at any other time, or upon the termination by the company because of breach of contract by the customer, the customer

agrees to pay the company the sum of $100 to reimburse it for the expense incurred by it in installing and taking out its said equipment."

The Ebbe contract was entered into on April 1, 1930. Ebbe continued to buy the plaintiff's ice cream until some time in June, 1930, when, being persuaded by Johnson, he ceased buying plaintiff's ice cream and bought ice cream made by the company which Johnson then represented. Ebbe notified the plaintiff that he would not buy its ice cream and to take back the kelvinator which the company did. Upon this state of facts the court concluded that the plaintiff company having repossessed itself of the equipment became entitled to the $100 stipulated in the contract and judgment was entered accordingly. The lease of the equipment was a substantial part of the consideration for which Ebbe agreed to buy and use the plaintiff's ice cream exclusively. Having removed the equipment, it was no longer available for use in the sale and distribution of the plaintiff's produce. Whatever the plaintiff's rights might have been had it stood upon the contract, left the equipment in place, it did not proceed in that manner, and having taken back the equipment the court correctly held it was entitled to the stipulated damages and no more. While in a sense the $100 was compensation for installing and removing the equipment and so perhaps the case is not exactly parallel to the case where a certain sum has been named as liquidated damages, the case seems to fall in that category. What was stipulated in the contract in case of a termination was the restoration of the *status quo*. That having been achieved, the matter was at an end.

The plaintiff also contends under its motion for review that a considerable part of the contract period having been consumed in litigation, it will not have the full benefit of its contract and asks the court to decree an extension of time

so that it may have the benefit of the full three-year period after sale and delivery. This in effect asks the court to make a new contract for the parties. No authority is cited ·for such a procedure and we find none. It would seem to be a thing quite beyond the power of a court of equity to extend the contract period beyond the time provided for by the agreement of the parties.

*By the Court.*—The judgment appealed from is affirmed both upon the appeal by the defendants and notice of motion to review on behalf of the plaintiff. The motion to review the judgment in the case of Otto Pharmacy, Inc. and George Pappas must be denied for the reasons already stated. Plaintiff will recover one bill of costs in this court. The cases having been tried as one upon the trial, they must be treated here as one for the purposes of taxation of costs.