STAMMER, Plaintiff, vs. KITZMILLER, Defendant: BLATZ BREWING COMPANY, Defendant and Respondent; EMPLOYERS MUTUAL INDEMNITY CORPORATION, Defendant and Appellant; OHIO CASUALTY INSURANCE COMPANY, Impleaded Defendant and Respondent.

*November 11—December 7, 1937.*

350

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Henry S. Reuss* of counsel, all of Milwaukee, and oral argument by *Mr. Reuss.*

*Michael Levin* of Milwaukee, for the respondent Ohio Casualty Insurance Company.

For the respondent Blatz Brewing Company there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton.

FAIRCHILD, J.   The practice followed brings here for consideration only the appeal of the defendant Employers Mutual Indemnity Corporation.   It appealed timely from the judgment below; served notice of appeal to this court on the impleaded defendant Ohio Casualty Insurance Company on the 20th day of April, 1937.   This required the impleaded defendant, if it so desired, to take and perfect its own appeal within thirty days after such service.   Sec. 274.12, Stats., provides that unless the appeal of a party bound with the appealing party by the judgment does so appeal, he is to be deemed to have waived the right to appeal.   The rulings in cases where parties have overlooked the provisions of the statute and sought to preserve the right of review by a motion to review have universally been that a waiver of the right of appeal has occurred by failure to comply with the provisions of sec. 274.12 as to the time within which to take and perfect an appeal.   *Lezala v. Jazek,* 170 Wis. 532, 175

N. W. 87, 176 N. W. 238; *American Wrecking Co. v. Mc-Manus,* 174 Wis. 300, 181 N. W. 235, 183 N. W. 250; *Golden v. Green Bay Metropolitan Sewerage Dist.* 210 Wis. 193, 246 N. W. 505; *Joachim v. Wisconsin Dental Clinic,* 219 Wis. 35, 261 N. W. 745; *Schafer v. Bellin Memorial Hospital,* 219 Wis. 495, 264 N. W. 177. A party jointly or severally bound by a judgment with another party who appeals therefrom (sec. 274.12) is not a respondent (sec. 274.12), an appellee (sec. 274.10), or adverse party (sec. 274.11 (1), *Stevens v. Jacobs, ante,* p. 198, 275 N. W. 555, but if brought up on appeal at all is an appellant and must use the means accorded him for an appeal. He cannot array himself with the respondent and, through a motion to review, accomplish the equivalent of an appeal. There would be no hardship here on the part of the Ohio Casualty Insurance Company in furnishing the undertaking and complying with the usual requirements of an appeal. The practice in this particular is important, and, there being no motion for an order to bring it in as an additional party appellant, the conclusion follows that the impleaded defendant Ohio Casualty Insurance Company has waived its right to appeal.

We pass to the question of the coverage afforded by the stipulation in the Employers Mutual Indemnity Corporation insurance policy, which reads: "Operation, maintenance or use (including transportation of goods, loading and unloading) of an automobile." The stipulation to pay all losses and expenses imposed by law under the clause quoted does not carry the liability of the insurer beyond what may be described as the natural territorial limits of an automobile and the process of loading and unloading it. When the goods have been taken off the automobile and have actually come to rest; when the automobile itself is no longer connected with the process of unloading; and when the material which has been unloaded from the automobile has plainly started on its

course to be delivered by other power and forces independent of the automobile and the actual method of unloading, the automobile then may be said to be no longer in use. The precise line at which the unloading of the automobile ends and a further phase of commerce such as the completion of delivery begins after unloading may in some cases be difficult of ascertainment, but where, as here, the merchandise had been removed from the truck and considerable time had elapsed after anything was done which could reasonably be said to be connected with the actual unloading, there is no difficulty in limiting the responsibility of the insurer who covers loading and unloading operations, and fixing the liability of an insurer who protects against loss arising from the acts caused by employees of the assured engaged in the discharge of their duties to carry on its work off the assured's premises. While the open hatchway may have been a convenience in the process of further delivery of the goods, it was not, under the facts with which we are dealing, included in the process of unloading the truck. *Franklin Co-op. Creamery Asso. v. Employers' Liability Assur. Corp.* (Minn.) 273 N. W. 809; *Zurich General Accident & Liability Ins. Co. v. American Mutual Liability Ins. Co.* 118 N. J. Law, 317, 192 Atl. 387.

*By the Court.*—Judgment reversed on appeal of Employers Mutual Indemnity Corporation, and cause remanded with directions to enter judgment dismissing cross complaint as to Employers Mutual Indemnity Corporation.