LEDVINA (KATHERINE), Plaintiff, vs. EBERT and others, Defendants and Respondents: FROELICH (ALBERT), Administrator *de bonis non,* and another, Interpleaded Defendants and Appellants. (No. 184.)

LEDVINA (JULIA), by Guardian *ad litem,* Plaintiff, vs. SAME, Defendants and Respondents: SAME, Interpleaded Defendants and Appellants. (No. 185.)

FROELICH (CHARLES), Administrator, Plaintiff, vs. SAME, Defendants and Appellants: SAME, Interpleaded Defendants and Respondents. (Nos. 23, 186.)

*January 7—April 15, 1941.*

For the appellants there was a brief by *Everson, Ryan & Hanaway* of Green Bay, and oral argument by *E. L. Everson*.

For the respondents there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland*.

For the appellants there were briefs by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland*.

For the respondents there were briefs by *Everson, Ryan & Hanaway* of Green Bay, and oral argument by *E. L. Everson*.

The following opinion was filed Feburary 4, 1941 :

FRITZ, J. The questions, which are to be determined on these appeals, arise solely because of provisions in the judgments entered in the actions described in the preceding statement, in relation to the recovery or the denial of recovery of contribution to the defendants Ebert, Blieck and his insurer from the interpleaded defendants Albert Froelich, as administrator, and the Farmers Mutual Automobile Insurance Company. The defendants Ebert, Blieck and his insurer neither appealed from nor seek review of the provisions in the judgments which relate to the recovery against them by the plaintiffs Katherine and Julia Ledvina and Charles Froelich, as administrator of the estate of Joseph Ledvina, of the damages for the injuries sustained by Katherine, Julia and Joseph

Ledvina, and also for the latter's death as the result of Ebert's negligence in operating a motor truck as an employee of Blieck, to whom the Cheese Makers Mutual Casualty Company had issued an automobile liability insurance policy on the truck. The accident, which resulted in the injuries and death in question, occurred at about 1 p. m. on June 14, 1938, when the motor truck collided with an automobile operated by Charles Ledvina in the intersection of an east-and-west road, called the Green Bay road, and County Trunk T, a north-and-south road. Both had a gravel-surfaced roadway twenty-one to twenty-two feet wide. Ebert was driving the motor truck south on County Trunk T. Charles Ledvina was driving westward on the Green Bay road. His father, Joseph Ledvina, was seated to his right on the front seat and his mother, Katherine, and his sister, Julia Ledvina, sat in the rear seat. The impact occurred at a point four to five feet east of the west edge of the graveled roadway of County Trunk T, and near the middle of the Green Bay road, when the right part of the front bumper of the truck struck the right part of the rear bumper of Ledvina's automobile. Ebert testified that upon applying his brakes the rear end of the truck skidded to the left and the front swung to the right, and it continued until it tipped over on its right side at a telephone pole, which was at the west line of Highway T about sixty feet southwest of the point of collision. The impact caused the rear of the automobile to swing to the south and west and then the automobile rolled over two or three times until it came to a stop facing north and east on the north shoulder of the Green Bay road, about one hundred forty feet west of the intersection. Charles Ledvina was killed in the accident, and Joseph Ledvina died as the result of injuries sustained therein.

The jury found that Ebert was causally negligent in failing to yield the right of way, driving at an excessive speed, failing to keep a proper lookout, and in the management and operation of the truck; that Charles Ledvina was causally

negligent in respect to failing to keep a proper lookout, and in the management and operation of the automobile; but that he was not negligent in respect to driving at an excessive speed, and in failing to yield the right of way to the truck. Upon motions after verdict the court denied the interpleaded defendants' motions to change the jury's findings that Charles Ledvina was causally negligent in respect to lookout and the management and operation of the automobile by substituting therefor findings by the court that he was not negligent in either of these respects. The court entered judgment in each action for the recovery of the plaintiff's damages from the defendants, and provided in the judgment for the latters' recovery of contribution from the interpleaded defendants in the actions in which Katherine Ledvina and Julia Ledvina are plaintiffs; and likewise provided in the judgment entered in the action brought by the administrator of the estate of Joseph Ledvina for defendants' recovery of contribution from the interpleaded defendant Albert Froelich, as administrator of Charles Ledvina's estate, but provided also therein that defendants' cross complaint against the interpleaded defendant Farmers Mutual Automobile Insurance Company be dismissed. Defendants appealed from solely this latter provision in that judgment, and thereupon the interpleaded defendants duly served a motion to review under sec. 274.12, Stats.

On the other hand, in the actions brought by Katherine and Julia Ledvina, respectively, the interpleaded defendants appealed from the portion of the judgments which provided for the payment of contribution to the defendants Ebert, Blieck and his insurer. No review in any other respect is sought in relation to the judgments in those actions. In challenging the provision therein which adjudges the payment of contribution by the interpleaded defendants, they contend that the court erred in denying their motion for an order changing the jury's findings that Charles Ledvina was negligent as to lookout and as to management and control, by substituting there-

for findings that he was not negligent in those respects and in denying their motion for judgment in their favor on the verdict as changed, on the ground that there was no credible evidence to sustain the jury's findings. In passing upon these contentions it must be noted that there stand as verities the facts established by the findings of the jury which are unchallenged on this appeal that not only was Ebert negligent in his management and operation of the truck, in driving at an excessive speed, in failing to yield the right of way and to keep a proper lookout, but also that there was no negligence on the part of Ledvina in respect to failing to yield the right of way or driving at an excessive speed. In relation to Charles Ledvina's opportunity to observe the approaching truck and the lookout kept by him, the testimony is to the following effect. Because of the topography, buildings, trees and other vegetation in the area to the east and north of the northeast corner of the intersection, and also the hills and depressions along the Green Bay road, as Ledvina approached from the east the only places at which Ebert's southbound truck was observable from the driver's seat of the Ledvina automobile were while the truck was traveling between points seven hundred fifty to one thousand one hundred feet north of the intersection, and the automobile was between points seven hundred fifty and one thousand seventy-five feet east of the intersection. As the driver traveled westward from the point seven hundred fifty feet east of the intersection there was a lack of visibility toward the northwest along County Trunk T until he reached a point one hundred feet east of the intersection, and from this point westward to the intersection he had an unobstructed view along County Trunk T for three hundred feet to the north. The only evidence as to what Charles Ledvina did in the way of keeping or failing to keep a lookout is testimony given by his mother, Katherine Ledvina, which is somewhat corroborated by testimony given by Julia Ledvina, that as their car

reached a little knoll Mrs. Ledvina heard her husband say to Charles "There is a truck coming from the north; do you see it?" that Joseph turned his head north as he said that, and "Charles turned his attention up that way, turned his eyes toward the north in that direction, well, that was all." There is no testimony whatsoever as to whether Charles did or did not look again or whether he did or did not observe the truck as he approached and entered and proceeded to cross the intersection from the point one hundred feet to the east thereof. The only other evidence which has any bearing in relation to the lookout kept by Charles Ledvina is the testimony of Katherine Ledvina that when their automobile was in the middle of the intersection and she saw Charles glance to the right at the truck and quickly step on the gas the car then went much faster; that at that time the truck was not very far away, just about at the third post on the fence line; and that, in answer to the court's question, "Did you see the truck before Charles stepped on the gas or after?" she testified, "Well, we must have seen it at the same time, there was nothing said." There is nothing in Katherine Ledvina's affirmative testimony that she saw Charles look in the direction of the approaching truck on those two occasions, or in any other evidence in the record which admits of any inference that he did not keep a proper lookout as he approached and entered and proceeded to cross the intersection without negligence on his part in respect to yielding the right of way or the speed at which he was driving. With affirmative evidence in the record that he had looked toward the approaching truck before he had reached the intersection, and also that he was glancing at it when he increased his speed suddenly in the middle of the intersection as it became apparent that Ebert was failing to yield the right of way and driving at an excessive speed, the burden of proof was not upon the interpleaded defendants to establish that Charles Ledvina continued to keep a proper lookout. Moreover, in view of the presumption that the deceased at the

time of and prior to the collision was exercising due care for his own safety (*Seligman v. Hammond,* 205 Wis. 199, 236 N. W. 115; *Smith v. Green Bay,* 223 Wis. 427, 271 N. W. 28; *Ray v. Milwaukee Automobile Ins. Co.* 230 Wis. 323, 283 N. W. 799), the conclusion necessarily follows as a matter of law,—in the absence of evidence sufficient to discharge the burden of proof which was on the defendants to establish affirmatively that Charles Ledvina did negligently fail to keep a proper lookout,—that he did not fail to do so. In other words, as there was no evidence of any act or omission on the part of Charles Ledvina constituting a negligent failure to keep a proper lookout and the burden of proving such failure was on Ebert and his codefendants, there was no basis to sustain the jury's findings in this respect, and therefore the court erred in not substituting a finding to the contrary on the motion by the interpleaded defendants. *Ray v. Milwaukee Automobile Ins. Co., supra; Besser v. Hill,* 224 Wis. 211, 215, 271 N. W. 921; *LaChance v. Stuart,* 233 Wis. 246, 288 N. W. 262; *De Goey v. Hermsen,* 233 Wis. 69, 288 N. W. 770.

Likewise there is applicable, in respect to the issue as to whether the deceased, Charles Ledvina, was negligent in the management and operation of the automobile, the presumption that he was exercising due care for his own safety, and the burden of proof was on Ebert and his codefendants to establish such negligence. An affirmative finding cannot be sustained on mere conjecture or surmise. The only evidence in relation to the issue in question is the testimony by Katherine and Julia Ledvina, and Ebert, that there was no change in the speed at which Charles Ledvina approached and proceeded to cross the intersection, and Katherine Ledvina's testimony that when the automobile was in the middle thereof and Charles Ledvina was glancing toward the truck, he stepped on the accelerator and the automobile went much faster. That testimony rather establishes affirmatively that he exercised ordinary care in the management and operation of the auto-

mobile; and that conclusion is warranted particularly when that testimony is considered in connection with the facts established herein by the unchallenged findings of the jury, that Ledvina was not negligent in respect to yielding the right of way and the speed at which he was driving. But at all events, in view of the facts thus established in relation to Charles Ledvina's management and operation of the automobile as he entered and was crossing the intersection, including his increase in the speed thereof upon it becoming apparent evidently that Ebert was negligently failing to yield the right of way, and in view of the absence of any evidence that Charles Ledvina did anything which he should not have done or omitted to do something which he ought to have done in the exercise of ordinary care, there was clearly a failure on the part of Ebert and his codefendants to establish affirmatively that Charles Ledvina was negligent in his management and operation of the automobile. Certainly there can be no inference of negligence in his management and control in so far as there is involved his entry or attempted crossing of the intersection without being negligent in respect to speed or yielding the right of way; and likewise no such inference can be drawn from the fact that he speeded up the automobile when he was in the middle of the intersection, after having entered by such a margin and under such conditions that he was not negligent in respect to yielding the right of way and his rate of speed. On the other hand, if it were to be contended that he should have put on his brakes, there would be applicable the statement in *Paul v. Pfefferkorn*, 172 Wis. 61, 63, 178 N. W. 247,—

"It may be true that by an instant application of the brakes when plaintiff first saw defendant he could have prevented a collision. On the other hand, it seemed equally reasonable to assume that by speeding up some he could pass in safety, and the latter course is no doubt the one usually taken by the average prudent and careful driver."

As Charles Ledvina had the right of way and was not negligent in respect to speed he was entitled to assume that Ebert would respect that right of way and would not be negligent in the management and control of the truck or in driving at an excessive speed in entering or attempting to cross the intersection, until such time as it ought to have become apparent to Ledvina, in the exercise of ordinary care, that Ebert would probably fail to yield the right of way. In view of the virtually undisputed facts that the automobile had almost cleared the intersection, and Ebert had almost the entire width of the road to pass safely to the rear of the automobile, so that it was manifestly proper for Ledvina to speed up the automobile in an effort to get out of the way of the truck when it became evident that Ebert might fail to respect Ledvina's right of way; and in view of the absence of any evidence that he was negligent in respect to lookout and management and operation, the jury's findings that he was negligent in the latter respects cannot be sustained. It follows that the court erred in denying the motion after verdict of the appellants, Albert Froelich, administrator of the estate of Charles Ledvina, deceased, and the Farmers Mutual Automobile Insurance Company for an order substituting findings that Charles Ledvina was not negligent for the jury's findings to the contrary and then ordering judgment upon the verdict, as changed, for the dismissal of the cross complaint for contribution by the appellants in the actions brought by Katherine and Julia Ledvina, and that by reason of such error the provisions in the judgment by which appellants are required to pay contribution must be reversed in each of those actions.

For the same reasons the court erred in denying a motion to the same effect by Albert Froelich, administrator, and Farmers Mutual Automobile Insurance Company in the action brought by Charles Froelich, administrator of the estate of Joseph Ledvina, deceased. In connection with such denial, the court likewise entered the judgment for the payment of

contribution by Albert Froelich, administrator, to Ebert and his codefendants, but provided in relation to the Farmers Mutual Automobile Insurance Company that the defendants' cross complaint against it for contribution be dismissed on the ground that its policy in which the deceased Joseph Ledvina was the named assured did not insure the liability of the administrator of the estate of Charles Ledvina to the named insured. Upon Ebert's and his codefendants' appealing from solely the provision in the judgment which dismissed their cross complaint against the Farmers Mutual Automobile Insurance Company for contribution, the latter and Albert Froelich, as administrator of the estate of Charles Ledvina, deceased, served their notice of motion to review the court's rulings in denying their motions after verdict and in ordering judgment for contribution against Albert Froelich, as administrator. In so far as the appeal by Ebert and his codefendants is concerned, they are not entitled to a reversal of the adjudication dismissing their cross complaint against the Farmers Mutual Automobile Insurance Company. Regardless of whether the court erred in basing the dismissal of the cross complaint upon the ground that the interpleaded insurer's policy does not insure the liability to the named insured, Joseph Ledvina, the provision in the judgment ordering such dismissal was nevertheless proper and necessary because there was not established by the evidence, as a matter of law, any actionable negligence on the part of Charles Ledvina (as stated above), and therefore there is no liability on his part or on the part of the interpleaded insurer. As this erroneous ruling is directly involved on the appeal by which Ebert and his codefendants seek a reversal of the adjudication ordering the dismissal of the cross complaint against the interpleaded insurer and the granting, in lieu thereof, of judgment for contribution against that insurer; and inasmuch as a ruling to that effect is essential as part of the basis for adjudging that there is liability for contribution on the part of the insurer, the

court's error in the respect stated is necessarily involved on the appeal by Ebert and his codefendants. Consequently because there was error in that respect, there can be no reversal of the provision in the judgment granting a dismissal of the counterclaim for contribution as against the interpleaded insurer, and there can of course be no judgment for the payment of such contribution by it. Moreover as that erroneous ruling is so directly involved in that part of the judgment from which Ebert and his codefendants appealed, and as the interpleaded insurer has specified in its notice of review (under sec. 274.12, Stats.) of the court's ruling denying the interpleaded defendants' motions after judgment for the changes in the verdict and for judgment thereon when amended or for judgment notwithstanding the verdict, as well as the court's ruling ordering judgment for contribution by Albert Froelich, as administrator, the interpleaded insurer would be entitled to have these rulings reviewed likewise under its notice of motion for review which, in so far as it is concerned, it was entitled, as a respondent and adverse party, to serve on the appeal of Ebert and his codefendants. It follows that, for the reasons stated, the provision in the judgment dismissing upon the merits the cross complaint against the interpleaded insurer in the action brought by Charles Froelich, as administrator, must be affirmed.

A similar conclusion is not applicable, however, to the provision in the judgment entered in the action in which Charles Froelich, as administrator, is plaintiff, requiring the payment of contribution by Albert Froelich, as administrator, to Ebert and his codefendants. Although the interpleaded defendant Albert Froelich, as administrator, joined with the interpleaded insurer in the motion to review which they served after Ebert and his codefendants served their notice of appeal on January 22, 1940, from but that part of the judgment which dismissed their cross complaint against the interpleaded insurer, that appeal by those defendants was not taken from and did not

bring up for review any other part of the judgment which was entered on October 23, 1939. Consequently, as no appeal was taken from that part of the judgment which adjudged the payment of contribution by the interpleaded defendant Albert Froelich, there can be no review of that part of the judgment under the notice of motion for review served on the appeal taken by Ebert and his codefendants from merely the part of the judgment relating to the dismissal of the cross complaint against the interpleaded insurer. Moreover, Albert Froelich, administrator, was not adversely interested under that part of the judgment from which Ebert and his codefendants appealed, nor a respondent nor appellee on that appeal. Under these circumstances he is not entitled to have a review under a mere notice asking therefor and served under sec. 274.12, Stats. *Lezala v. Jazek,* 170 Wis. 532, 539, 175 N. W. 87, 176 N. W. 238; *Hilam, Inc., v. Petersen Oil Co.* 217 Wis. 86, 93, 94, 258 N. W. 365.

It is, however, also contended that Albert Froelich, as administrator, perfected an appeal from that part of the judgment which provided for the payment of contribution by him by the service of a notice of appeal on April 10, 1940. In that connection the court entered an order on his motion on April 23, 1940, extending to that date the time within which he could take an appeal from the judgment entered on October 23, 1939. From that order Ebert and his codefendants took an appeal, which was listed as No. 186 on the August, 1940, calendar. On this appeal they contended that, upon service of their notice of appeal on January 22, 1940, from that part of the judgment which dismissed their cross complaint against the interpleaded insurer, the interpleaded defendant Albert Froelich, administrator, had but thirty days after such service within which to take and perfect an appeal of his own, unless within the time thus allowed therefor by sec. 274.12, Stats., the thirty-day period was extended by the trial court for cause shown; and that an order extending the time cannot be made

by the court after the expiration of that period. These contentions are based on the provisions in sec. 274.12, Stats., that,—

"In case one of a number of parties jointly or severally bound by the same judgment appeals therefrom, he shall serve his notice of appeal on all parties who are bound with him by the judgment, and said parties shall thereupon within thirty days after such service, unless the time be extended by the trial court for cause shown, take and perfect their own appeals or be deemed to have waived their right to appeal."

The contentions must be sustained. Although Albert Froelich, as administrator, was not adversely interested in merely that part of the judgment from which Ebert, *et al.,* appealed, and therefore could not have a review of other parts of the judgment on a mere notice to review, he was one of a number of parties "bound by the same judgment;" and as a party so bound, it was incumbent upon him by the express provisions in sec. 274.12, Stats., to take his appeal within the prescribed period of thirty days after the service of the notice of appeal by a cojudgment defendant, unless the time be extended for cause shown. *Lezala v. Jazek, supra; Hilam, Inc., v. Petersen Oil Co., supra; Stammer v. Kitzmiller,* 226 Wis. 348, 276 N. W. 629. By the provision that unless the time be so extended the other parties bound by the same judgment shall "be deemed to have waived their right to appeal" it was evidently intended that the party must take such action within the thirty-day period in order to avoid the waiver. *American Wrecking Co. v. McManus,* 174 Wis. 300, 316, 317, 181 N. W. 235, 183 N. W. 250. The failure to either perfect his own appeal or to so apply to the trial court for an extension puts him within the provision of the statute that he shall then be deemed to have waived his right to appeal; and the right to appeal having been so waived it can no longer be exercised by the party nor restored by the trial court. In this connection it may be considered of some significance that in sec. 269.45,

Stats., which provides that the court or a judge may upon notice and proper showing and just terms extend the time within which any act or proceeding in an action where any special proceeding must be taken, and may do so after the time has expired, there is the specific qualification "except the time for appeal;" and likewise that although there is in sec. 269.45, Stats., the express provision that the enlargement of time authorized thereby may be ordered "after the time has expired" there is no similar provision in sec. 274.12, Stats.

*By the Court.*—(No. 184) The provision in that part of the judgment from which the appeal is taken is reversed, with directions to provide in lieu thereof that the cross complaint against the interpleaded defendants, Albert Froelich, administrator of the estate of Charles Ledvina, deceased, and Farmers Mutual Automobile Insurance Company be dismissed upon the merits.

*By the Court.*—(No. 185) The provision in that part of the judgment from which the appeal is taken is reversed, with directions to provide in lieu thereof that the cross complaint against the interpleaded defendants, Albert Froelich, administrator of the estate of Charles Ledvina, deceased, and Farmers Mutual Automobile Insurance Company be dismissed upon the merits.

*By the Court.*—(No. 23) The provision in that part of the judgment from which the appeal is taken is affirmed.

*By the Court.*—(No. 186) Order reversed.

A motion for a rehearing was denied, with $25 costs, on April 15, 1941.