Estate of Sweeney: Sweeney and others, Appellants, vs.
Union State Bank and others, Respondents.*

*March 12—April 29, 1946.*

* Motion for rehearing denied, without costs, on September 28, 1946.

608

610

For the appellants there were briefs by *Rieser & Mathys* of Madison, and oral argument by *R. M. Rieser.*

*Donald J. McIntyre* and *Harry E. Carthew,* both of Lancaster, for the respondent Union State Bank.

For the respondents Loretta Eastman, Nellie Allen, Katherine Sweeney, and Julia Sweeney there was a brief by *George B. Clementson* of Lancaster, and *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington.*

FRITZ, J. In order to sustain appellants' claim that Richard J. Sweeney died intestate, it was incumbent upon them to establish by competent evidence that there was a valid and effective revocation of his will of June 15, 1939, the original execution and validity of which was established at the hearing on February 23, 1944, by the uncontroverted evidence introduced and relied upon by the proponents of that will. When then, without any prior notice to them or any proceeding duly instituted for proving or probating any subsequent will, it became evident, in the course of that hearing, that appellants were attempting to defeat the probate of the June 15, 1939, will by endeavoring to establish by Mr. Meyer's testimony the contents of a subsequent will,—as to which they claim, on the one hand, there was a provision therein which constituted an effective revocation of the former will, and also claim, on the other hand, that there was also a subsequent revocation of the

later will,—the trial court should have promptly halted the hearing and proceedings and directed the alleged subsequent will to be duly offered for probate by the executor or other interested parties designated therein; and thereupon, after the giving of due notice and opportunity for all such parties and all others legally affected thereby to participate, the court should have consolidated and continued the proceedings and hearings as was directed in *Will of Burns,* 210 Wis. 499, 246 N. W. 704, for the reasons which are stated in that case. See also *Will of Kalskop,* 229 Wis. 356, 281 N. W. 646, 282 N. W. 587. If that had been done there would have been no basis for the objection, which was duly made on behalf of the proponents of the June 15, 1939, will, to the introduction at the hearing on February 23, 1944, of Mr. Meyer's testimony as to the contents of the will of October 10, 1943. That objection was warranted and should have been sustained in view of the following reasons stated then by Mr. Clementson, to wit:

". . . this matter is entirely a surprise to me, and I do not propose at this time in a matter of this importance to allow the attorney and the witness to go into the terms of any supposed . . . subsequent will, that has been in whole or in part destroyed; especially as my clients are not present, and they are not present for the simple reason that I knew nothing of any projected will contest. I think this is a matter that ought to be threshed out at a later date, any date the court chooses, when I can have the benefit of my clients,' the proponents,' presence and be enabled to cross-examine intelligently and go into the whole matter thoroughly. . . . I am not prepared at all to meet any evidence."

Mr. Rieser: "I think you should have been."

Mr. Clementson: "Perhaps, had you given me the slightest intimation, or had Mr. Meyer or yourself or anybody else, that there was going to be a will contest, I would have been prepared to the extent of having my clients present at least. I don't propose to be caught this way if I can avoid it, allow all kinds of testimony to come in with nobody present to hear it or contradict it, and therefore no opportunity for me to handle the matter properly, having to rely entirely on the reporter's notes, the transcript which will be later gotten out;

I can't do it—it isn't fair.   I do not think in a matter of this importance and under the circumstances I should be compelled to submit to it."

Mr. Rieser : "I should like at least to finish with Mr. Meyer's direct examination, your Honor."

Mr. Clementson : "Well, I object to it for the reasons I have stated. . . ."

Finally, after the following colloquy, the direct examination of Mr. Meyer by Mr. Rieser was then permitted by the court under the following ruling and conditions :

The Court : "Supposing we go on and put in Mr. Meyer's evidence ; you still would have time ; you still want more time, if we could go on and put in Mr. Meyer's evidence. . . ."

Mr. Clementson : "I want the opportunity of cross-examining the witness at a later date and have information that I have not now."

The Court : "Well, that would be all right.   Well, I am going to let him go on and put this in, and I will reserve the right for you to cross-examine him at a later date ; find out what he knows about it."

In view of the reasons thus stated by Mr. Clementson and the fact that at the time of the hearing on February 23, 1944, no proceeding had been instituted or notice given in respect to probating or proving the will of October 10, 1943,—as to which the Union State Bank subsequently filed a petition for the probate on June 17, 1944,—the court should have sustained Mr. Clementson's objections on February 23, 1944 ; or, in view of the fact that in then overruling the objections, the court said, "I will reserve the right for you to cross-examine him at a later date," and the fact that this reserved right of cross-examination could not be exercised because of the intervening death of Mr. Meyer, the court should not have admitted the testimony in question when the hearing was resumed in October, 1944.   Where, as in this case, the right to cross-examination was not waived, but, on the contrary, was ex-

pressly reserved by the court's ruling to be exercised upon the resumption of the hearing,—which was interrupted because it was necessary in order to conduct the proceedings, as directed in *Will of Burns, supra,*—and where, by reason of the intervening death of Mr. Meyer during this period, the exercise of that right of cross-examination on behalf of the parties entitled thereto was prevented, without any fault on their part, the testimony in question should not have been admitted and must be stricken. 5 Wigmore, Evidence (3d ed.), p. 109, sec. 1390; *Charlesworth v. Tinker,* 18 Wis. 633; *People v. Cole,* 43 N. Y. 508, 513; *Morley v. Castor,* 63 App. Div. 38, 81 N. Y. Supp. 363; *Sperry v. Moore's Estate,* 42 Mich. 353, 361, 14 N. W. 13; *Kemble v. Lyons,* 184 Iowa, 804, 116 N. W. 117; *State v. Bingham,* 133 S. C. 491, 131 S. E. 603, 607. The provisions in sec. 325.31, Stats., are declaratory of the common-law rule generally adopted on that subject. In considering this statute in *Illinois Steel Co. v. Muza,* 164 Wis. 247, 252, 159 N. W. 908, this court said in relation to the clause, "where the party against whom it is offered shall have had an opportunity to cross-examine said" deceased or absent witness, the following, "whenever the competency of such testimony arises it necessarily involves the inquiry whether or not the objecting party has had such full and adequate opportunity to cross-examine the witness on substantially the same issues. . . ."

It follows that as Mr. Meyer's testimony was not admissible and there consequently is no competent proof of the contents of the will of October 10, 1943, or any provision therein which can be deemed to effect a revocation of any prior will, the court was in error in admitting to probate the will of October 10, 1943, and in denying admission to probate of the will of June 15, 1939.

*By the Court.*—Order and judgment reversed, and cause remanded with directions to enter judgment admitting to probate the will of Richard J. Sweeney, dated June 15, 1939.

RECTOR, J., took no part.

The following opinion was filed September 28, 1946:

FRITZ, J. (*on motion for rehearing*). In connection with considering and determining the matters stated in the opinion filed on April 29, 1946, due consideration was given to the contention,—which is repeated by appellants and the Union State Bank on a motion for rehearing,—that upon the motion of the respondents, Loretta Eastman, Nellie Allen, and Katherine and Julia Sweeney, for review under sec. 274.12, Stats., this court was without jurisdiction and those respondents were not entitled to have this court review, reverse, or modify the rulings and parts of the judgment which are described in the notice of the motion, as follows:

"1. The ruling of the trial court on the motion of undersigned counsel to exclude from the record the record of the evidence of Frank C. Meyer (Reference: Reporter's paging 2 *et seq.* and 21 *et seq.* of proceedings Oct. 4, 1944).

"2. Those parts of the judgment dated February 15, 1945, admitting the will dated October 10, 1943, to probate and denying probate of the will dated June 15, 1939, it being the purpose of these respondents to request the supreme court to establish the will dated June 15, 1939, as the last will and testament of Richard J. Sweeney."

Notice of that motion for review was duly served on the respondent, Union State Bank, as well as the appellants; and their appeal was from the judgment in its entirety. As that judgment was based in part upon the court's determination that the will of June 15, 1939, was revoked by provisions to that effect in the will of October 10, 1943, which were testified

to by Meyer, questions as to the admissibility of that testimony and the validity of the court's conclusion and judgment based thereon were clearly involved on appellants' appeal. Consequently the review sought in relation to the court's rulings in those respects was clearly within the authorized purposes and scope of a motion to review under the provision in sec. 274.12, Stats. As we said in *Hilam, Inc., v. Petersen Oil Co.* 217 Wis. 86, 94, 258 N. W. 365,—

"The purpose of a motion to review is to reverse or modify some part of a judgment asserted to be erroneous as to the respondent or to have this court consider some ruling made upon a trial, so that in case of a reversal of the judgment, that error, if error it be, may not again occur." See also *Jones v. Pittsburgh Glass Co.* 246 Wis. 462, 468, 17 N. W. (2d) 562.

As to how an appeal is to be taken and perfected it is provided in sec. 274.11, (1), Stats., that—

"An appeal is taken by serving a notice of appeal signed by the appellant or his attorney *on each adverse party who appeared in the action or proceeding.* . . . On appeals from a judgment the appellant shall also serve the notice of appeal upon all parties bound with him by the judgment who have appeared in the action."

And in sec. 274.12, Stats., it is provided that—

"Every party, other than the appellee, who is served with a notice of appeal shall within thirty days after such service . . . take and perfect his own appeal or be deemed to have waived his right to appeal. . . . In *any case* the *appellee may have a review of the rulings of which he complains, by serving* upon the appellant any time before the case is set down for hearing in the supreme court, *a notice stating in what respect he asks for a reversal or modification of the judgment or order appealed from.* . . ."

Under and by virtue of those provisions, and the facts (1) that Loretta Eastman, Nellie Allen, and Katherine and Julia

Sweeney, as beneficiaries under the will of October 10, 1943, and also under the will of June 15, 1939, were adverse parties who had appeared in the proceeding, and (2) that appellants' notice of appeal had been served on them, they had become *appellees* on the appeal taken by appellants. Consequently, as such *appellees* they were entitled, under the above-quoted provision in sec. 274.12, Stats., to have a review of the rulings of which they complain by serving upon appellants their notice stating in what respect they asked for a reversal or modification of the judgment appealed from. On the other hand, as they had become appellees by the service on them of appellants' notice of appeal, there was not applicable to them the provision and requirement in sec. 274.12, Stats., that "Every party other than the appellee, who is served with a notice of appeal shall within thirty days after such service . . . take and perfect his own appeal or be deemed to have waived his right to appeal."

In view of the above-stated circumstances in this case, there are not in point such cases as *Ledvina v. Ebert,* 237 Wis. 358, 296 N. W. 110, and *Hilam, Inc., v. Petersen Oil Co., supra,* in which the appeal was taken from only the part of the judgment that was not affected by, or as to which there were not involved the rulings specified in a notice for review. Neither are there in point such cases as *Lezala v. Jazek,* 170 Wis. 532, 175 N. W. 87, *Stammer v. Kitzmiller,* 226 Wis. 348, 276 N. W. 629, and *Ledvina v. Ebert, supra,* in which (1) an appeal was taken by, or the notice of appeal was served on, only some of the defendants, and a review was sought on a motion noticed by a defendant who had not appealed, or in which (2) plaintiff's motion was for the review of rulings or provisions in a judgment in relation to a defendant who had not joined with other defendants in appealing from the judgment (*Wisconsin Creameries, Inc., v. Johnson,* 208 Wis. 444, 243 N. W. 498).

Upon due consideration of other matters presented in the briefs filed on the motion for rehearing or the modification of the mandate, it is our conclusion that there is no occasion to enlarge upon the opinion heretofore filed herein.

*By the Court.*—Motion for rehearing denied without costs.

Rector, J., took no part.